Mr. Chief Justice Johnson delivered the opinion of the Court. The court below was well warranted in dismissing the cause on account of the failure of the plaintiff to file a bond for costs on or before the day named in the rule. True it is that the time might have been extended, if the court, in the exercise of a sound discretion had seen fit, for the advancement of justice, to do so; but, when it is shown that the time given had expired, and that the act required had not been done, we do not feel authorized to say that the court committed error in refusing permission: and that, too, after a motion had been made to dismiss. The 4th sec., ch. 40, Dig., is positive that “ If such plaintiff shall fail, on or before the day in such rule named, to file the obligation of some responsible person, being a resident of this State, whereby he shall bind himself to pay all costs which have accrued, or which may accrue in such action, the court shall, on motion, dis* miss the suit.” We think there was error in the refusal of the court to permit the defendant below to have a judgment for the value of the goods and chattels replevied. The 44th and 45th secs, of ch. 136, Dig., declare that “ Whenever a defendant shall obtain judgment by the default of the plaintiff in any pleading, or in any other manner, after having pleaded any matter, which, if admitted by the plaintiff, would be sufficient in law to entitle such defendant to a return of the property replevied, he shall be entitled to the like judgment as provided in the preceding section;” and that “ The defendant, whenever he shall be entitled to a return of the property replevied, instead of taking judgment for such return as herein provided, may take judgment for the value of the property replevied; in which case, such value shall be assessed by the jury on the trial, or by a verdict of inquiry as the case may require.” The judgment in this case, it is admitted, was not obtained by the default of the plaintiff in pleading, but it was obtained in a manner, after having pleaded a matter, which, if it had been admitted by the plaintiff, would have been sufficient in law to entitle the defendant to a return of the property. The defendant had pleaded non ccpit, and also property in himself; and, as a matter of course, if these pleas had been admitted by the plaintiff, the defendant would have been entitled to a return of the property. It is clear, therefore, that the circuit court should, upon request, have ordered a jury to inquire into the value of the property replevied, and should have also rendered a judgment upon the verdict of such jury. This case is clearly distinguishable from that of Hartgraves vs. Duvall, (1 Eng. 508,) and that of Dickinson vs. Noland, (2 Eng. 28.) In those cases, the party defendant did not interpose a plea to the merits, but relied alone upon matter in abatement. We are clear that the court below erred in not ordering a jury to inquire into the value of the property, and consequently the judgment is reversed, and the cause remanded, with instructions to proceed according to law and not inconsistent with this opinion.