Massey *v.* State use Prairie County.

Opinion delivered March 9, 1925.

1.  STATUTES—REPEALS.—A statute may be repealed by implication as well as in direct terms.

2.  STATUTES—REPEAL OF SPECIAL BY GENERAL ACT.—Where a subsequent general act is repugnant to a prior special act, the general act, without any repealing clause, operates as a repeal of the special act.

3.  STATUTES—IMPLIED REPEAL.—Where two acts passed at different times are not in terms repugnant, yet if it is clearly evident that the last was intended as a revision or substitute for the first, it

will repeal the prior act to the extent that it is revised or substituted.

4. BANKS AND BANKING—LIABILITY OF STOCKHOLDERS FOR MISUSE OF
PUBLIC FUNDS.—As it was the evident purpose of the Legislature, in enacting Gen. Acts 1923, p. 515, to cover the whole subject of banking by exempting stockholders from liability for misuse of public funds by a bank, such act impliedly repealed the special act of 1915 (Acts 1915, p. 126) providing for a depository of public funds for Prairie County and imposing on stockholders liability for wrongful conversion of such funds by a bank.

Appeal from Prairie Circuit Court Southern District; *George W. Clark*, Judge; reversed.

### STATEMENT OF FACTS.

On February 15, 1924, the State of Arkansas for the use of Prairie County, and V. O. Purvis, as sheriff of said county, instituted this action in the circuit court against J. E. Massey and other stockholders of the New Bank of Hazen, Arkansas, to recover the sum of $36,947.79 and the accrued interest belonging to said county and deposited in said bank pursuant to law.

On January 19, 1924, the New Bank of Hazen closed its doors on account of insolvency, and the State Bank Commissioner took charge of it for the purpose of liquidation under our State banking law. J. E. Massey and thirty-one others of the defendants bought stock in said bank on December 26, 1923, and were stockholders at the time the State Bank Commissioner took charge of said bank for the purpose of winding up its business. These new stockholders did not know that the bank was insolvent at the time they purchased their stock. Certain of the old stockholders of the bank are also made defendants to this action, but it appears that they are insolvent.

The record shows that the collector of the county had deposited county funds in said bank to the amount of $36,947.79. The New Bank of Hazen had been selected as the county depository of Prairie County at the April term, 1923, of the county court of said county. The selection was made pursuant to a special act of 1915, providing that the public funds should be deposited

with the bank or trust company making the highest bid for the payment of interest on the funds as required by the terms of the act.  The New Bank of Hazen was designated as a depository under the terms of the act, by the county court, and gave bond for the true and proper performance of all the duties and obligations devolving by law upon it, and for the prompt payment of all funds deposited by the county treasurer or the county collector.

The court directed a verdict against the defendants, and from the judgment rendered the defendants have duly prosecuted an appeal to this court.

*Gregory & Holtzendorff, Trimble & Trimble* and *Chas. A. Walls,* for appellants.

In so far as relates to the liability of the stockholders, the act No. 627 Acts 1923, section 8, repealed section 4 of act No. 45, Acts 1915, pp. 126-136.  The same subject-matter was taken up by the general act, the intention of which act was to eliminate stockholders from liability in the handling of public funds, and to fix liability on the bond or elsewhere as set forth in the banking law.  130 Ark. 128.

*Emerson & Donham,* for appellant L. W. Judd.

On the question of whether a general act on a subject repeals a special act, see 88 Ark. 327.

*Bogle & Sharp,* for appellants Sims, Zike and Johnson.

*W. J. Waggoner,* Prosecuting Attorney, *Cooper Thweatt, John D. Thweatt* and *Chas. B. Thweatt,* for appellee.

Repeals by implication are not favored.  There is no invincible repugnancy, nor inconsistency, between the two acts, and, therefore, the general act does not repeal the special act.   109 Ark. 24; 93 Ark. 629; 36 Cyc. 1090; 50 Ark. 137; 142 Ark. 411; Sutherland, Statutory Construction, 530, 535.

HART, J., (after stating the facts).  The record shows that the public funds of Prairie County were deposited

in the New Bank of Hazen pursuant to the provisions of an act of the Legislature of 1915 providing for a depository for the State, county, and other public funds of Prairie County. Acts of 1915, p. 126. The act in question provides for the public funds of Prairie County to be deposited in a bank or trust company in said county, and that the bank or trust company agreeing to pay the highest rate of interest on said funds shall be designated by the county court as such depository. The act also prescribes that a bond shall be given by the successful bidder for the true and proper performance of all the duties and obligations devolving by law upon such depository.

Section 4 of the act provides that all stockholders of any such bank or trust company shall be liable for all public funds that such bank or trust company shall fail to pay over on demand to the person entitled to receive the same. When the bank became insolvent, and failed to pay over public funds deposited with it pursuant to the terms of the act, the court held the stockholders of the bank liable under the provisions of § 4 of the act just referred to.

It is the contention of counsel for the defendants that this section of the act had been repealed by implication by § 8 of an act of the Legislature of 1923, amending a former act for the regulation and control of banks and trust companies. General Acts of 1923, p. 515.

Section 8 of this act amends § 2832 of Crawford & Moses' Digest with regard to the liability of corporations misusing public funds.

Section 2832 of Crawford & Moses' Digest was enacted March 17, 1903, and amended the section of the Digest relating to the deposit of public funds. Among the provisions of the act was one allowing collectors of taxes and other officers to deposit public funds in their custody in incorporated banks for safekeeping. It further provided that the officers and sureties on their official bonds, as well as the bank and the stockholders thereof, should be liable for all such funds that the bank

should fail to pay to the person entitled to receive the same.

Section 8 of the act of 1923 referred to above expressly repeals so much of the former act as made the stockholders of the bank liable for the misuse of the public funds.

A statute may be repealed by implication as well as in direct terms. It is well settled in this State that, where a subsequent general act is repugnant to a prior special act, the general act, without any repealing clause, operates as a repeal of the special act; and where two such acts, passed at different times, are not in terms repugnant, yet if it is clearly evident that the last was intended as a revision or substitution of the first, it will repeal the first to the extent in which its provisions are revised or substituted. *Hampton* v. *Hickey,* 88 Ark. 324; *Sanderson* v. *Williams,* 142 Ark. 91; *Creamery Pkg. Mfg. Co.* v. *Wilhite,* 149 Ark. 576; and *Bank of Blytheville* v. *State,* 148 Ark. 504.

In the case last cited it was insisted that § 2832 of Crawford & Moses' Digest was repealed by the general banking law passed by the Legislature of 1913.

Section 2832 contains a provision similar to that referred to in § 4 of the special act of 1915, providing for a depository of the public funds of Prairie County. In each case it is provided that, where there is a misuse of the funds by the bank, both the bank and its stockholders should be liable to the person entitled to receive said public funds. The court said that the banking act of 1913 did not deal with the particular subject, and therefore did not repeal by implication § 2832, providing that the bank and its stockholders should be liable for public moneys intrusted to such bank and wrongfully converted by it.

In the case before us a new element is added. It is conceded that the business of banking, by reason of its intimate relation to the financial affairs of the people, is a proper subject of legislative control, and strictly within the police power of the State. When the Legis-

lature of 1913 enacted our banking law and placed the control and examination of banks under a bank com-, missioner appointed for that purpose, it did not see fit to make a part of that act our former statute relating to the misuse of public funds by a bank or other corporation and fixing the liability of such corporation and their stockholders for such misuse. Not having taken up this subject at all, it is manifest that it intended for the general law on the subject to remain as it was. Hence, if a special act like the one in question, which was in general terms like the general act regulating the misuse of public funds by a depository, had been in force when the banking act of 1913 was passed, such special act would not have been impliedly repealed, because its provisions did not come in conflict with the general act for the regulation of banks.

Now the Legislature of 1923 made § 2832 a part of it. The section was amended so as to omit stockholders from the liability imposed upon banks for the wrongful conversion of public funds intrusted to it. The Legislature declared in express terms that § 2832 of the Digest, as amended, was a part of our general act for the regulation and control of banks and trust companies. Section 2832, in so far as it made the stockholders liable for a misuse of public funds by the bank, was expressly repealed. The act of 1915 was a special depository act for Prairie County, and contained a provision similar to § 2832 with regard to the liability of stockholders.

The act of 1923 just referred to also made many other important changes in our general banking act. Thus it will be seen that the subject was taken up, and the public policy of the State was declared in the amendatory act. It was the evident purpose of the Legislature to intrust the whole subject to the State Bank Commissioner, under such regulations as were enacted to aid him in the premises. It cannot be supposed that the Legislature intended that Prairie County should be exempted from the general policy of the act. The General Assembly having elected to take up this subject and

legislate upon it, we think they intended that the general act should repeal all special acts which were repugnant to its provisions and inconsistent with it.

It results from our views that the general act of 1923, amending the general banking act of 1913 and exempting stockholders from liability for the misuse of public funds by a bank, impliedly repeals the special act of 1915 for a depository of public funds for Prairie County, and providing that the stockholders of such bank should be liable for the wrongful conversion of such funds by the bank. This holding is conclusive of the present case, and no useful purpose could be served by discussing or determining the other interesting questions argued in the briefs. Our decision that the special act of 1915 was repealed by the later general act of 1923 relating to the same subject relieves the defendants from liability as stockholders in the case before us.

The judgment will therefore be reversed, and the cause of action remanded for further proceedings according to law and not inconsistent with this opinion.