(No. 16130.—Decree affirmed.)
THE CHECKER TAXI COMPANY, Appellant, *vs.* MORGAN A. COLLINS *et al.* Appellees.

*Opinion filed April 23, 1926.*

MOTOR VEHICLES—*part of section 42a of the Motor Vehicle act of 1923 is invalid.* That portion of section 42a of the Motor Vehicle act of 1923 making the bond required in said act a lien on real estate makes an arbitrary discrimination and is unreasonable and void. (*Weksler* v. *Collins,* 317 Ill. 132, followed.)

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

JOHN PRENDERGAST, for appellant.

EDWARD J. BRUNDAGE, and FRANCIS X. BUSCH, Corporation Counsel, (CLARENCE N. BOORD, GEORGE E. DIERSSEN, and LEON HORNSTEIN, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant, Checker Taxi Company, a corporation, with its principal place of business at Chicago, filed its bill in the superior court of Cook county against Morgan A. Collins, superintendent of police of the city of Chicago, William E. Dever, mayor of the city of Chicago, Robert E. Crowe, State's attorney of Cook county, Edward J. Brundage, Attorney General of Illinois, and Louis L. Emmerson, Secretary of State of Illinois, to enjoin them from enforc-

ing sections 42a, 42b, 42c and 42d of the Motor Vehicle act of 1923. (Laws of 1923, p. 542.) The bill alleges that the Checker Taxi Company is a corporation organized under the laws of Illinois with an authorized capital stock of $2,000,000, of which approximately $660,000 is fully paid and outstanding; that it is engaged in operating for public hire about 900 taxicabs in Chicago and surrounding territory; that it controls six garages in the city of Chicago and a large telephone system and branches and offices in various parts of Chicago; that its average monthly income is approximately $75,000; that its assets exceed by $500,-000 its liabilities; and that out of its earnings it sets aside $20 monthly for each taxicab operated by it as a contingent liability fund to pay all liability sustained by it by reason of the operation of its taxicabs. A temporary injunction was issued. The superintendent of police, the mayor, the Attorney General and the Secretary of State filed demurrers to the bill. The State's attorney did not appear either to answer or demur to the bill. Upon a hearing the demurrers were sustained and the bill was dismissed for want of equity and the temporary injunction theretofore issued was dissolved. The Checker Taxi Company has perfected this appeal.

The appellant contends that sections 42a, 42b, 42c and 42d of the Motor Vehicle act of 1923 (Laws of 1923, p. 542,) are unconstitutional and void, in that they violate section 1 of article 14 of the constitution of the United States, and section 2 of article 2 and section 22 of article 4 of the constitution of the State of Illinois; that they are an arbitrary enactment, not operating on all alike; that the surety is limited to a bonding company or real estate owner and excludes a deposit of cash or securities or a solvent personal surety; that the police power of the State is abused; that the act will tend to encumber large amounts of real estate with undetermined liens for indefinite peri-

ods; that they are uncertain and indefinite and incapable of being enforced; that they are invalid because the power and duty of approving real estate bonds therein provided for is delegated to the Secretary of State, and that such delegation is improper and discriminates between bonds of surety companies and insurance policies and bonds on real estate owners, in that the two former are not required to be approved by the Secretary of State.

Every objection here made by appellant to the validity of sections 42*a*, 42*b*, 42*c* and 42*d* of the Motor Vehicle act of 1923 was presented to this court in the case of *Weksler* v. *Collins*, 317 Ill. 132, and in a very exhaustive decision this court held that all of them were valid and constitutional with the exception of that part of sub-section 42*a* which provides for the recording and making a lien on the real estate of a personal surety where that form of a bond is offered. That part of section 42*a* of the act with reference to the bond, and which is in this language, "and such bond, for the full amount thereof shall, by its terms, be a lien for the benefit of the beneficiaries of said bond on such real estate so scheduled, and shall be recorded in the office of the recorder of deeds in each county in which such real estate is located," was held to be an arbitrary discrimination and unreasonable and void. The remainder of that section and the entire remainder of the act were held not to be affected by the void provisions aforesaid. That decision is adhered to in this case and the entire act is held valid except the quoted language aforesaid, which is held to be invalid in accordance with the decision aforesaid.

The decree of the superior court of Cook county is affirmed.                    *Decree affirmed.*