PINE BLUFF v. ARKANSAS TRAVELER BUS COMPANY.

Opinion delivered July 12, 1926.

1. MUNICIPAL CORPORATIONS—CONTROL OF STREETS.—Municipal corporations have control and supervision of the streets within their limits.

2. AUTOMOBILES—REGULATION.—The State can regulate and control the use of motor vehicles, except in so far as it has granted such right to other governmental agencies.

3. MUNICIPAL CORPORATIONS—REGULATION OF MOTOR VEHICLES.— Under the provisions of the motor vehicle law (Acts 1911, p. 94), the State has recognized the exclusive right of municipal corporations to make and enforce rules and regulations for motor vehicles to be used for public hire.

4. CONSTITUTIONAL LAW—POLICE POWER.—Private property devoted to public use is subject to regulation under the police power.

5. CARRIERS—REGULATION—DELEGATION OF POWER.—In the absence of constitutional limitations, the Legislature can regulate the business of common carriers, and may delegate such power to municipal corporations.

6.    MUNICIPAL CORPORATIONS—REGULATION OF BUS LINES.—An ordinance requiring bus lines, with permits from the Railroad Commission, to establish stations at designated places, and prohibiting busses from stopping on streets to take on or discharge passengers, except at stations, *held* valid.

Appeal from Jefferson Circuit Court; *T. G. Parham,* Judge; reversed.

### STATEMENT OF FACTS.

The city of Pine Bluff prosecutes this appeal to reverse the judgment of the circuit court holding invalid an ordinance regulating the operation of motor busses in the city of Pine Bluff. The record shows that the city of Pine Bluff passed an ordinance that public busses operating in and out of the city should be required to establish stations at their own expense, at designated places within the city, for the purpose of taking on and discharging passengers.

Section 2 of the ordinance provides that such public busses be further prohibited from stopping on the streets of the city for the purpose of taking on or discharging passengers, except at the stations to be provided by them under the ordinance.

Section 3 provides that any firm or corporation violating any provisions of the ordinance shall, upon conviction, be fined as prescribed by the ordinance.

The Arkansas Traveler Bus Company is an intercity bus line operating between the cities of Pine Bluff and Little Rock, and has been granted a permit to engage in such business by the Railroad Commission of the State of Arkansas. It violated the provisions of such ordinance, and was adjudged to pay a fine of $25 in a prosecution in the municipal court of Pine Bluff.

The Arkansas Traveler Bus Company duly prosecuted an appeal to the circuit court, and that court, under the facts stated, held the ordinance to be invalid, and the defendant was ordered discharged.

From the judgment rendered the city of Pine Bluff has duly prosecuted an appeal to this court.

*L. Dewoody Lyle,* for appellant.

Hart, J., (after stating the facts). In *Willis v. City of Fort Smith,* 121 Ark. 606, 182 S. W. 275, it was held that, under our statutes, municipal corporations have expressly been given control and supervision of the streets and highways within their limits. It was further held that the State has a right to regulate and control the use of motor vehicles except as it has granted such right to other governmental agencies, and that, under the provisions of our motor vehicle law, the State has recognized the exclusive right of municipal corporations to make and enforce rules and regulations for motor vehicles to be used for public hire.

It is a rule of universal application in this country that, when private property is devoted to a public use, it is subject to regulation under the police power. It is well settled that, in the absence of constitutional limitations, the Legislature has the right to regulate and prescribe the rules according to which the business of common carriers may be conducted, and this power may be delegated to municipal corporations to be exercised for the promotion of the public convenience. Hence it is well settled that the right of a citizen to travel upon the streets and transport his property thereon in the ordinary course of things is wholly different from that of a common carrier who makes the streets his place of business and uses them for private gain in the running of motor busses. The former is the common right of every one, and the latter is a special or exceptional use of the streets not common to all the citizens of the State. See *Dickey* v. *Davis* (W. Va.), 85 S. E. 781, L. R. A. 1915F, 840; *Hadfield* v. *Lundin* (Wash.), 168 Pac. 516, L. R. A 1918B, 909; *Commonwealth* v. *Kingsbury* (Mass.), 85 N. E. 848, L. R. A. 1915E, 264; *Cummins* v. *Jones* (Ore.), 155 Pac. 171; *Peters* v. *San Antonio,* 195 S. W. 989; *Memphis* v. *State,* (Tenn.), 179 S. W. 631, L. R. A. 1916B, 1151; *Allen* v. *Bellingham* (Wash.), 163 Pac. 18; and *State* v. *Spokane* (Wash), 186 Pac. 864.

The Arkansas Railroad Commission was established, among other things, for the purpose of regulating motor

busses, but there is no inconsistency between its powers and the power given cities to control their streets. Indeed, one of the rules of the Arkansas Railroad Commission provides for the loading and unloading of passengers of public busses operating as common carriers at only privately owned depots in the cities and towns requiring it by valid ordinances.

The result of our views is that the circuit court erred in holding the ordinance in question to be invalid, and for that error the judgment will be reversed, and the cause remanded for a new trial.