HESTER *v.* ARKANSAS RAILROAD COMMISSION.

Opinion delivered November 15, 1926.

1. CARRIERS—REGULATION OF MOTOR BUSSES.—By Acts 1921, p. 177 *et seq.,* the Railroad Commission is authorized to regulate the operation of common carriers, including motor busses and similar vehicles operated for hire on public highways.

2. HIGHWAYS—REGULATION OF USE.—The use of public highways for business purposes is not a matter of common right which any citizen may enjoy at will, but it is a privilege which the State may either extend or withhold.

3. AUTOMOBILES—MOTOR BUSSES—SURETY BONDS.—A regulation of motor busses by the Railroad Commission under authority of Acts 1921, p. 177 *et seq.,* is not invalid in requiring that an indemnity bond be signed by an authorized surety company.

4. AUTOMOBILES—MOTOR BUSSES—REQUIREMENT OF SURETY BONDS.— Where the Railroad Commission, under authority of Acts 1921, p. 177 *et seq.,* required bus operators to furnish corporate surety bonds before giving license to operate, the fact that the bond required could not be given by an applicant, and that the business could not stand the expense of a corporate surety bond, did not render the regulation invalid on account of unreasonableness.

5. LICENSES—VALIDITY OF REGULATION.—The validity of the regulation of a business operated under a license cannot be made to depend upon the ability of the applicant to comply therewith.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

*Sidney L. Graham,* for appellant.

*H. W. Applegate,* Attorney General, and *Brooks Hays,* Assistant, for appellee.

McCULLOCH, C. J. Appellants have each been engaged in the business of operating motor cars or busses on the public highways of Pulaski County, and they attack the validity of the regulation prescribed by the Arkansas Railroad Commission requiring all persons operating such business to deposit with the Commission "a liability or indemnity contract, written by some solvent insurance or indemnity company authorized to do business under the laws of the State of Arkansas, agreeing to indemnify the legal liability of said owner or licensee of said motor or jitney bus on account of personal injury, in the sum of $5,000, to any one person, and $10,000 for any single accident where more than one person is injured or killed, and $1,000 on account of property damage to any one." Appellants each applied to the Railroad Commission for a permit, or license, to operate busses, and offered to give bond in the sums named in the rules prescribed by the Commission, executed by personal sureties, but the Commission declined to approve the bond or to issue a permit, and appellants resorted to an action in the Pulaski Circuit Court to compel the Commission to accept the bond. Relief was denied in the circuit court, and an appeal has been prosecuted to this court.

Appellants introduced testimony, in the hearing before the Railroad Commission, to the effect that the premium rate for a bond such as that required was $270 per annum; that the income of one of appellants from the business amounted to eighty or ninety dollars per month, and that of the other about $120 per month. This was urged as a reason for treating the requirement as unreasonable and oppressive.

The statutes of this State (Acts 1921, p. 177) plainly authorized the Commission to regulate the operation of

common carriers, and we have held that this authority extends to the operation of motor busses and vehicles of that kind being operated for hire on a public highway. *Mason* v. *Inter-City Terminal Ry. Co.,* 158 Ark. 542; *Railroad Commission* v. *Independent Bus Line, ante* p. 3. The contention in the present case is, however, that the regulation that requires a bond executed by a surety company, and not permitting bonds executed by personal sureties, is arbitrary and unreasonable, and should not be upheld. The validity of this regulation must be tested in the light of established law, to the effect that the use of the public highways for business purposes is not a matter of common right which any citizen may enjoy at will, but it is a privilege which the State may either extend or withhold. *Pine Bluff* v. *Arkansas Traveler Bus Co.,* 171 Ark. 727.

The regulation is not invalid merely because it prescribes the kind of surety to be given on the bond. The fact that appellants are unable to give the bond required, or that the particular business in which they are engaged will not stand the expense of a surety company bond, does not render the provision unreasonable. If the inability of an applicant for license to comply with the regulation concerning the same were sufficient to render the regulation invalid, then there could be no regulation at all. The validity of the regulation of a business operated under a license cannot be made to depend upon the ability of the applicant to comply.

Counsel for appellants rely upon the case of *Jitney Busses Association* v. *Wilkes-Barre,* 256 Pa. 452, 100 Atl. 954, as sustaining their contention, and the case does seem to hold that such a provision is unreasonable and void, but the decision does not appeal to us as being sound, and we decline to follow it.

There are many decisions upholding the right of a State or municipality to regulate carriers on the public highway, and such regulations are generally sustained, but there are only a few cases which relate to the particular point involved in the present case, namely, the

requirement to give bond with a surety company as surety. There are several decisions of the Supreme Court of Washington, beginning with the case of *State* v. *Seattle Taxicab & Transfer Co.,* 90 Wash. 416, 156 S. W. 837, which uphold a regulation identical with the one now under consideration. Other authorities are to the same effect. *Lutz* v. *New Orleans,* 235 Fed. 978; *New Orleans* v. *LeBlanc,* 139 La. 113, 71 So. 248; and *Ex parte Sullivan,* 77 Texas Cr. App. 72, 178 S. W. 537. In *Packard* v. *Banton,* 264 U. S. 140,. the court had under consideration the validity of a New York statute requiring persons engaged in the business of carrying passengers for hire in motor vehicles to file with the State Tax Commission either a bond with personal sureties or one of a surety company for the payment of any judgment recovered against such persons. It was alleged in the case that the rate fixed by surety companies for such a bond was $960, that the net income of the applicant's business in operating the vehicle was only thirty-five dollars a week, and that the regulation was oppressive and void. The court, in upholding the validity of the regulation, said: "The operator, under the statute, however, is not confined to this method of security, but instead may file either a personal bond with two approved sureties, or a corporate surety bond. Appellant says that he cannot procure a personal bond, but it does not appear that he might not procure the corporate surety bond at a less cost." Counsel for appellants quote this language in support of their contention, but such is not, we think, the effect of the language used. That was merely an argument used by the court in upholding that particular regulation, and it is not an authority in support of appellant's contention that the regulation now under consideration is void because the bond must be executed by a surety company. The concluding language in that opinion goes very far in support of the present regulation, and it reads as follows: "The fact that, because of circumstances peculiar to him, appellant may be unable to comply with the

requirement as to security without assuming a burden greater than that generally borne, or excessive in itself, does not militate against the constitutionality of the statute. Moreover, a distinction must be observed between the regulation of an activity which may be engaged in as a matter of right and one carried on by Government sufferance or permission. In the latter case the power to exclude altogether generally includes the lesser power to condition, and may justify a degree of regulation not admissible in the former.''

Our conclusion therefore is that the regulation is valid, and that the circuit court was correct in so holding.

Judgment affirmed.

HART, J., dissents.