MILLER v. YELL AND POPE BRIDGE DISTRICT.

Opinion delivered November 7, 1927.

1. BRIDGES—POWERS OF BRIDGE COMMISSIONERS.—The powers of the commissioners of a bridge district are derived from the act creating it, and in exercising these powers the board acts as the agent of the owners of the real property within the limits of the district.

2. STATUTES—LEGISLATIVE INTENTION.—In the construction and interpretation of statutes, the intention of the Legislature is to be ascertained and given effect from the language of the act, if that can be done, and in doing this each section is to be read in the light of every other section, and the object and purpose of the act are to be considered.

3. BRIDGES—LIMITATION OF COST.—The limitation of $300,000 in section 6 of Acts 1925, p. 450, creating the Yell and Pope Bridge District, refers to the actual cost and construction of the bridge when the work is done, and interest on the bond issue for the

purpose of hastening the work provided by § 11 should not be included as part of the cost of the bridge.

Appeal from Yell Chancery Court, Dardanelle District; *J. E. Chambers,* Chancellor; affirmed.

### STATEMENT OF FACTS.

This suit was brought in equity by a landowner against the commissioners of Yell and Pope Bridge District to restrain them from issuing bonds and from levying and collecting assessment of benefits upon the real property in the district for the purpose of constructing a bridge across the Arkansas River at Dardanelle.

According to the allegation of the complaint, the cost of the improvement is approximately $600,000. The State Highway Department proposes to pay one-half, and the other one-half is to be paid by funds derived from the assessments of benefits upon the real property within the limits of the district. The commissioners have caused to be made an assessment of benefits against the real property in the district, and contemplate issuing $300,000 in bonds, bearing interest, for the purpose of constructing the improvement.

The defendants demurred to the complaint, and their demurrer was sustained by the court. The plaintiff refused to plead further, and it was decreed that his complaint should be dismissed for want of equity. The case is here on appeal.

*Hays, Priddy & Rorex,* for appellant.

*H. C. Scott, M. L. Davis* and *Ward & Caudle,* for appellee.

HART, C. J., (after stating the facts). The plaintiff relies for a reversal of the decree upon the ground that the interest on the contemplated bond issue of $300,000 should be included as part of the cost of constructing the bridge. The chancery court held against the contention of the plaintiff, and the correctness of its decision depends upon the interpretation to be placed upon the act creating the improvement district. Yell and Pope Bridge District was

created by act No. 154 of the Legislature of 1925, Acts of 1925, p. 450. Section 6 of the act reads as follows:

"The bridge contemplated herein shall be constructed under the provisions of § 26 of act No. 5 of the extraordinary session of the General Assembly of the State of Arkansas, approved October 10, 1923, and that the other sections of this act shall be construed as in harmony with the provisions of this section and not conflicting therewith. Provided, however, the total cost of the bridge district shall not exceed $300,000."

Section 11 of the act reads as follows:

"In order to hasten the completion of the improvement, the commission is hereby authorized to borrow money, not exceeding $300,000, and to issue bonds therefor, to be sold at not less than par and to bear interest at a rate not exceeding six per cent. per annum, and may pledge all the uncollected assessment, or so much thereof as may be necessary for the payment thereof, except such assessments as may be required to be pledged for the acquisition of the right-of-way and such as may be necessary to create a sinking fund to pay said bonds or to retire same. And said bonds shall be a lien upon the real estate of said district. And the commission shall create a sinking fund from the annual assessments in order that said bonds may be paid at maturity or retired earlier, if possible."

Other sections of the act provide for the assessment of benefits and a levy and collection of taxes based thereon for the purpose of repaying the cost of constructing the bridge.

It is well settled in this State that the powers of the board of commissioners of an improvement district are derived from the act creating it and, in exercising its powers, the board acts as the agent of the owners of the real property within the limits of the district. This court has uniformly held that, in the construction and interpretation of statutes, the intention of the Legislature is to be ascertained and given effect from the language of the act, if that can be done. In doing this, each section is to

be read in the light of every other section, and the object and purpose of the act are to be considered. *Rayder* v. *Warrick,* 133 Ark. 491, 202 S. W. 831; *Summers* v. *Road Improvement District No. 16,* 160 Ark. 371, 254 S. W. 696; *Turner* v. *Ederington,* 170 Ark. 1155, 282 S. W. 1000; and *Hill* v. *American Book Co.,* 171 Ark. 427, 285 S. W. 20.

According to § 6, the total cost of the bridge shall not exceed $300,000. This was the highest sum which might actually become due when the work was done. This does not include interest. Section 11 provides that, in order to hasten the completion of the improvement, the district is authorized to borrow money not exceeding $300,000 and to issue bonds therefor, to be sold at not less than par, and to bear interest at a rate not exceeding six per cent. per annum. The section further provides that the commissioners may pledge the uncollected assessments for the payment thereof. Thus it will be seen that the interest is not a part of the cost of construction, but of collection, when collection of the assessment is made as the law provides. The design of the statute is that the improvement district may pay for the work during its progress or when it is completed, and that it is to be reimbursed at a future date by a levy and collection of a tax based upon an assessment of benefits upon the real property within the district. The improvement district cannot be fully reimbursed unless the bonds bear interest, for they are to be paid out of the tax levied, as just indicated.

Reliance is placed by counsel for the plaintiff upon the decision in *Fitzgerald* v. *Walker,* 55 Ark. 148, 17 S. W. 702, but we do not think that that case had any application to the present one. There the court decided that no assessment could be made against the real property of any improvement district in excess of twenty per cent. of the assessed value as provided in the statute. This construction was obviously correct, because, if the interest did not become a part of the cost of the work within the meaning of the statute, there would be no means pro-

vided for its payment. This view is in accordance with the holding in *Webster* v. *Ferguson,* 95 Ark. 575, 130 S. W. 513. In that case the question was whether the statement, in the petition of the owners of real property, which limited the cost of the improvement to a certain amount, included interest, and it was held that the statement of the amount in the petition referred to the actual cost of the improvement, exclusive of interest. We are of the opinion that the limitation of $300,000 in § 6 of the act refers to the actual cost of the construction of the bridge to the improvement district when the work is done, and that the interest on the bond issue for the purpose of hastening the work should not be included as a part of the cost of the bridge referred to in § 6.

It follows that the decree of the chancery court will be affirmed.