MERCHANTS' TRANSFER & WAREHOUSE COMPANY *v.* GATES.

Opinion delivered October 14, 1929.

*Robinson, House & Moses* and *Harry E. Meek,* for appellant.

*Hal L. Norwood,* Attorney General, and *Walter L. Pope,* Assistant, for appellee.

HART, C. J., (after stating the facts). The correctness of the decree of the chancery court depends upon the construction to be given act No. 62, passed by the Legislature of 1929, to amend an act of the Legislature of 1927 providing for the regulation, supervision and control of motor vehicles used in the transportation of persons or property for hire, and act No. 65, passed by the Legislature of 1929, for the purpose of amending and codifying the laws relating to State highways. Acts of 1929, vol. 1, pp. 137 and 264.

In the case of *State* v. *Haynes,* 175 Ark. 645, 300 S. W. 380, we had under consideration the act of 1927 providing for the regulation, supervision and control of motor vehicles used in the transportation of persons or property for compensation in the State of Arkansas. The particular part of the statute to be construed in that case was the proviso in subdivision (d) of § 1 of the act, which reads as follows:

"Provided the terms 'motor vehicle' or 'motor-propelled vehicle,' as used in this act, shall only include motor vehicles operating a service between cities or towns." See Acts of 1927, p. 257 *et seq.*

The court held that the Legislature only intended to place within the jurisdiction of the Arkansas Railroad Commission common carriers operating motor vehicles over a fixed route between cities or towns. It was said that the cities or towns were required to be the termini of the route, but that stations at the termini might be established within the cities or towns, or at reasonable distances without the limits of said cities and towns, for the purpose of receiving and discharging passengers or loading or unloading freight.

In the case of *Duncan* v. *Jonesboro,* 175 Ark. 650, 1 S. W. (2d) 58, it was held that taxicab operators,

operating motor vehicles as common carriers between cities or towns under the provisions of the act, which had secured a permit from the Railroad Commission, were not required to have a license from a city which was one of the termini of their fixed route, although most of the revenue was derived from passengers within the corporate limits of such city.

The Legislature of 1929 passed an act to amend the statute of 1927 just referred to, Acts of 1929, vol. 1, p. 137. That act, just as the original act passed in 1927, provided that the terms "improved public highways," wherever used in the act, means every improved public highway in this State, which is or may hereafter be declared to be a part of the State highway system, or a part of any county highway system, or the streets of any city or town. This clause is subdivision (f) of each act.

Subdivision (d) of § 1 of the amendatory act of 1929 reads as follows:

"The term 'motor vehicle carrier,' wherever used in this act, means every corporation or person, or their lessees, trustees or receivers, owning, controlling, operating or managing any motor-propelled vehicle used in the business of transporting persons or property for compensation over any improved public highway in this State. The terms 'motor vehicle' or 'motor-propelled vehicle' as used in this act shall apply to all motor vehicles engaged in transporting passengers or property for compensation over improved public highways of this State."

It will be noted that the amendatory act provides that the term "motor vehicle," as used in the act, shall apply to all motor vehicles engaged in transporting persons or property for compensation over the improved public highways in this State, instead of the proviso in the act of 1927, that a motor vehicle shall only include a motor vehicle operating a service between cities and towns.

This court has uniformly held that acts passed upon the same subject must be taken and construed together, but the obvious import of the language cannot be disregarded. The intention of the Legislature must, if possible, be carried into effect; but it must be derived from the language used in the act, if it be clear and unambiguous. *Ex parte Trapnall,* 6 Ark. 9; *In re Burrow,* 55 Ark. 275, 18 S. W. 170; and *Miller* v. *Yell & Pope Bridge District,* 175 Ark. 314, 299 S. W. 15.

When the court construed the act of 1927 in question, such construction became as much a part of the statute as if written in it. It is a fundamental rule of construction that the Legislature is presumed to have enacted a statute in the light of all judicial decisions relating to the same subject. Thus the Legislature is presumed to have passed the act of 1929 under consideration with the full knowledge that this court had construed the act of 1927 relating to the same subject to give the Arkansas Railroad Commission jurisdiction over common carriers operating motor vehicles over fixed routes between cities and towns. The court said that the act required the cities or towns, as the case might be, to be the termini of the route.

Another necessary presumption that follows is that the Legislature of 1929, when it amended the act of 1927, intended for the amendatory act to change the original act when read in the light of the decision of the court construing it. Since the Legislature knew that the act of 1927 only gave jurisdiction to the commission over motor carriers operating between cities and towns, if it had intended the amendatory act to have the same meaning, it would have used the words which had been construed by this court. As stated, by the use of other and different language it evidently meant to give the commission jurisdiction over motor carriers operating over the public highways of this State.

Streets in cities and towns may, by legislative enactment, be made a part of the public highways of the

State, the same as rural highways. The court has repeatedly held that the public streets of a city or incorporated town may by the Legislature be made a part of the public highways of the State. They belong to the people of the State, and the Legislature may delegate to municipal corporations and other governmental agencies the power to regulate and control traffic on them. *Adkins* v. *Harrington,* 164 Ark. 281, 261 S. W. 626; *Pine Bluff* v. *Arkansas Traveler Bus Co.,* 171 Ark. 727, 285 S. W. 375; and *Hester* v. *Arkansas Railroad Commission,* 172 Ark. 90, 287 S. W. 763.

Each of the appellant carriers held itself out to the public as ready to undertake for hire the transportation of goods or passengers from place to place in the city of Little Rock, or from points in the city of Little Rock to places in the city of North Little Rock, or to places along the public highways in the country, and thus solicited the patronage of the public, although it claimed the right to reject customers for cause. Its general business was with the public, and each solicited customers from the general public. The same was true of the undertaking establishment. It operated ambulances carrying sick and injured persons to hospitals, homes, and railway stations, at uniform charges. Each of the appellants solicited business from the general public by advertisement. Hence we are of the opinion that the court did not err in holding that appellant came within the regulatory provisions of the statutes. *Arkadelphia Milling Co.* v. *Smoker Merchandise Co.,* 100 Ark. 37, 139 S. W. 680, and *Lloyd* v. *Haugh & Keenan Transfer & Storage Co.,* 223 Pa. 148, 72 Atl. 516, 21 L. R. A. (N. S.) 188.

It is argued with much force that the statute will be burdensome on small operators of motor busses. We cannot consider this argument, for the reason that it would be an invasion by the judiciary of the province of the legislative department of the State. When acting within constitutional limitations in the passage of a statute upon a given subject, the Legislature is the sole judge

of the wisdom, expedience and necessity of its enactment, and its action is not the subject of review by the courts. The action of the Legislature is declaratory of the public policy of the State. *Sims* v. *Ahrens,* 167 Ark. 557, 271 S. W. 720. This rule is of such universal application that a further citation of authorities is unnecessary. As quoted from an earlier decision of the Supreme Court of Pennsylvania, in *Busser* v. *Snyder,* 282 Pa. 440, 128 Atl. 80, 37 A. L. R. 1515, the judiciary "cannot run a race of opinions upon points of right, reason and expediency with the lawmaking power."

It is next contended that the chancellor erred in holding that appellants are required to pay four per cent. excise or privilege tax under the provisions of § 67 of act 65, instead of three per cent. under § 6 of act 62, both of which acts were passed by the Legislature of 1929. There is no direct repeal of the former act by the later one, but it is claimed by the State that there is an implied repeal. Section 6 of act 62 amends § 6 of act 99, passed by the Legislature of 1927. It provides for the levying of an excise or privilege tax on the business of each person or corporation operating any motor vehicle for compensation, in the sum of three per cent. on the gross amount received by such carrier of all fares and charges collected for the transportation of persons, property, freight, either or both. The section further provides that said tax shall be paid monthly to the Commissioner of Revenue, and that, if it is not paid within fifteen days after the same is due, a penalty of ten per cent. is added. Acts of 1929, vol. 1, p. 137. This act was approved February 27, 1929. Section 67 of act 65 provides for a levy and collection of four per cent. by the Commissioner of Revenues, and imposes a penalty of twenty per cent. if the tax is not paid within fifteen days after date. Acts of 1929, vol. 1, p. 264. This act was approved February 28, 1929.

It is true that repeals by implication are not favored, and the repeal will not be allowed unless the implication

is clear and irresistible. *Massey* v. *State,* 168 Ark. 174, 269 S. W. 567; *Babb* v. *El Dorado,* 170 Ark. 10, 278 S. W. 649; and *State* v. *White,* 170 Ark. 880, 281 S. W. 678.

Another cardinal rule of construction is that, where two acts were under consideration by the Legislature at the same time, and were passed at the same session, this strengthens the presumption that there was no intention to repeal one by the other. *Mays* v. *Phillips County,* 168 Ark. 829, 275 S. W. 5; and *Standley* v. *County Board of Education,* 170 Ark. 1, 277 S. W. 550.

In order that a later act upon the same subject may operate as a repeal of a former act passed at the same session, there must be an invincible repugnancy between the two, and the implied repeal operates only so far as the conflicting provisions are concerned. In the application of this cardinal rule of construction, it is clear that there is invincible repugnancy or irreconcilable conflict in the two sections of the statute under construction. They both operate upon the same class of persons and corporations, and the tax levied and collected under the two sections are for the same purpose, and payable to the same officer. They both cannot stand, and we must hold that § 67 of act 65, the later act, repeals § 6 of act 62, the earlier one, both of which acts were passed by the Legislature of 1929. Hence the chancellor did not err in so holding.

In this connection it may be stated that no proof was taken as to whether the amount of the tax was so great as to be excessive, arbitrary and discriminatory or confiscatory in its nature. Hence we will not pass upon that question, but leave it open for further consideration in a case where the question is properly raised and argued.

It follows that the decree of the chancery court was correct, and it will therefore be affirmed.