FITZGERALD *v.* GATES.

Opinion delivered November 10, 1930.

656

*Cravens & Cravens,* for appellant.

*Hal L. Norwood,* Attorney General, *Walter L. Pope,* Assistant, *David A. Gates* and *Sam Rorex,* for appellee.

KIRBY, J., (after stating the facts). In *Merchants' Transfer & Warehouse Co. v. Gates,* 180 Ark. 96, 21 S. W. (2d) 406, the court construing the act under consideration, held that act 65 of 1929, § 67, providing for a privilege tax of 4 per cent. repealed § 6 of act 62 of the same session of the General Assembly, providing for a 3 per cent. tax. It was said there that the forceful argument that the statute would be burdensome on small operators of motor buses could not be considered by the court for the reason that it would be an invasion by the judiciary of the province of the legislative department of the State, and, ''when acting within constitutional limits in the passage of a statute upon a given subject, the Legislature is the sole judge of the wisdom, expediency and necessity of its enactment, and its action is not the subject of review by the court.'' The court expressly declined to pass upon the question, it not being properly raised, ''as to whether the amount of tax was so great as to be excessive, arbitrary and discriminatory and confiscatory in its nature.''

This complaint does not allege that the tax provided for by § 67 of the said act is arbitrary, unreasonable, oppressive and confiscatory, but only that ''as applied to this plaintiff's business,'' it is so and would confiscate his property and deprive him thereof without due process of law. It was also alleged the amount appellant had realized from his business during the period and the amount of expenses he had been compelled to pay in its operation, showing a loss of a substantial sum, which would be further increased if he were compelled to pay

the tax in the amount of $681.88. It was not alleged that the amount paid out for operating expenses of the business was not unreasonable nor more than was reasonably required for the operation thereof. In other words, appellant contends that the act "as applied to his business" is arbitrary, unreasonable, oppressive and confiscatory, and therefore invalid. He alleges, however, not that the general business required by the act to pay the tax, but only that his business, was carried on at a loss, without consideration of the amount of the tax required to be paid, showing the revenues received and the expenses paid in the operation thereof. It is no longer questioned that the State has the power to levy such a privilege tax. *Merchants' Transfer & Warehouse Co.* v. *Gates, supra;* Cyclopedia Automobile Law, p. 6, and cases there cited; *Hester* v. *R. R. Com.,* 172 Ark. 90, 287 S. W. 763; *Gruber* v. *Commonwealth,* 140 Va. 312, 125 S. E. 427; *Checker Taxi Co.* v. *Collins,* 320 Ill. 605, 151 N. E. 675. In 26 R. C. L. 238, it is said:

"An excise is, however, to be judged by its effect upon persons or corporations generally, and is not to be considered unreasonable because it is prohibitive upon certain financially weak persons or corporations. Only those excise laws whose general operation is confiscatory and oppressive are unconstitutional. See also Ohio Tax Cases, 232 U. S. 576, 34 S. Ct. 372, 58 U. S. (L. ed.) 738.

"Whether a license tax is prohibitory is primarily a legislative question. 'All presumptions and intendments are in favor of the validity of the tax;—in other words, the mere amount of the tax does not prove its invalidity.' The reasonableness of an occupation tax does not depend on whether or not a hardship results in an isolated case, but instead upon the general operation of the tax in the class to which it applies. The amount of the tax is not to be measured by the profits of the business taxed, and the mere fact that the particular person taxed conducted his business at a loss does not of itself make a tax unreasonable." Cooley, Taxation (4th ed.)

3433. See also *Wright* v. *Hirsch,* 153 Ga. 229, 116 S. E. 795; *Western Union Tel. Co.* v. *Decatur,* 16 Ala. App. 679, 81 So. 199; *N. C. & St. L.* v. *Attalla,* 118 Ala. 364, 24 So. 450; *N. C. & St. L.* v. *Ala. City,* 134 Ala. 414, 32 So. 731; *Veazie Bank* v. *Fenno,* 8 Wall. 533, 19 L. ed. 482; *Merchants' Transfer & Warehouse Co.* v. *Gates, supra.*

In the case of *Fiscal Court* v. *F. & A. Cox Co.,* 117 S. W. 296, 132 Ky. 738, 21 L. R. A. (N. S.) 83, relied upon by appellant, the order of the Fiscal Court of Owen County imposing a license by authority of the statutes was held void chiefly because the classification made by it in levying the tax was manifestly unequal and unreasonable—an unjust discrimination between the subdivisions so made. It should not be regarded as of great weight in support of the contention made that the statute providing the tax should be declared unreasonable and arbitrary because it appears to be oppressive and confiscatory, imposing a hardship in an isolated case.

No error was committed in sustaining the demurrer and dismissing the complaint for want of equity, and the decree is accordingly affirmed.