GATES *v.* REESE.

4—2572

Opinion delivered May 30, 1932.

*David A. Gates, Earl R. Wiseman* and *Jay M. Rowland,* for appellant.

*A. T. Davies,* for appellee.

HUMPHREYS, J. Appellant proceeded under § 69 of act 65 of the Acts of 1929 to collect from appellee the privilege tax provided for in acts Nos. 62 and 65 of the Acts of 1929 for operating a motor vehicle for compensation for the transportation of persons, property, or freight.

Appellee brought this suit in the chancery court to enjoin appellant from proceeding further in the collection of said privilege tax upon the alleged grounds: first, that said tax is confiscatory in that it is greater than the earnings of the business; and, second, because their particular business did not constitute an operation of motor

vehicles for compensation for the transportation of persons, property, or freight.

A demurrer was filed to the complaint, which was overruled, and the case was tried upon the following agreed statement of facts:

"The parties to the above entitled and numbered cause agree that the following is a statement of facts upon which judgment shall be rendered therein, in so far as the said judgment of the court applies to the liability or nonliability of the defendants for the payment of the 4 per cent. vehicle tax, the controversy therein being submitted to the court upon the same as such agreed statement of facts.

"That in this case, David A. Gates, Commissioner of Revenues of the State of Arkansas, has filed with the circuit clerk a certified judgment as to the amount of motor vehicle tax due the State of Arkansas from the petitioners herein, and upon said judgment an execution has been delivered to the sheriff as provided by law, and the said sheriff has endeavored to make a levy upon said execution, and the petitioners herein have applied for an injunction to prevent the sheriff from levying upon their property, claiming that they do not owe the State anything, and that the particular part of their business in question is not subject to the 4 per cent. motor vehicle tax.

"That the petitioners operate what is known as a wrecker, and use it for the purpose of going out on the highways and streets to tow disabled automobiles into their garage for repair, and, while so doing, they carried automobile parts, oil, gasoline, tires, etc., and they hold themselves out to the public as ready to undertake this service in the city of Hot Springs and along public highways in the country and, by advertising they solicit patronage of the public and do a general business with the public, and solicit business from the public.

"That the period for which the Commissioner of Revenues estimated the tax due begins August 1, 1929, and ends December 31, 1930.

"That there has been no audit made by the revenue department as to the amount of gross income received by the petitioners herein from this source, and it is agreed that, in the event they are held liable to pay a tax, then the department shall have a right to check their books, as provided by the law, to arrive at the actual amount taxable during the period that the motor vehicle tax has been in force."

Upon a hearing of the cause, the trial court permanently enjoined the collection of the tax in question.

█ Under the ruling in *Fitzgerald* v. *Gates,* 182 Ark. 655, 32 S. W. (2d) 634, the court should have sustained the demurrer to paragraph No. 1 of the complaint, which merely alleged that the law as applied to appellees' business would confiscate his property without due process of law.

█ Under the ruling in the case of *Merchants' Transfer & Warehouse Co.* v. *Gates,* 180 Ark. 96, 21 S. W. (2d) 406, the business conducted by appellee comes clearly within the statute under the agreed statement of facts, and is subject to the 4 per cent. privilege tax provided for in § 67 of act 65 of the Acts of 1929. This class of motor vehicles was not exempted by act No. 239 of the Acts of 1931 from the collection of the 4 per cent. privilege tax as contended by appellee.

On account of the error indicated, the decree is reversed, and the cause is remanded with directions to dissolve the injunction, and to dismiss appellee's complaint.