ODOM, Justice.
 

 Ordinance No. 30 of the City of Shreveport, adopted in 1936, regulates “The operation of vehicles transporting passengers for hire” in that city. That ordinance provides that no person, firm, association of persons, or corporation shall conduct or carry on a public transfer service, or be permitted to use and employ in the conduct of carrying on such business, “any vehicle until he shall have first filed with the Commissioner of Finance of the City of Shreveport an indemnity bond in the sum of Five Thousand ($5,000.00) Dollars, for each and every such vehicle so used and employed, the said indemnity bond or bonds to be executed by a good and solvent surety company or companies duly authorized to do business in the State of Louisiana, and shall contain the stipulation that in the event any person or persons, who may sustain damages to his or their person or property as a result of the negligence of the person, firm, association of persons, or corporation conducting such business, or of his or their agent, servant, or employee, he or they shall have his or their right of action on such indemnity bond as fully and to the same extent- as if said bond was made and executed directly in favor of the claimant for such damages”.
 

 The following charge was made against the defendant in the City Court of Shreveport, that he “on the 15th day of October, 1938, within the limits of the City of Shreveport, Louisiana, Unlawfully did operate a taxi in the City limits of Shreveport, Louisiana, without having posted the necessary bond required by Ordinance No. 30 of 1936 of the City of Shreveport, Louisiana”.
 

 Defendant filed a motion to quash and dismiss the charge on the following grounds:
 

 “That the Ordinance proceeded on herein being Ordinance No. 30 of 1936 of the City of Shreveport, Caddo Parish, Louisiana is unconstitutional, null and void, for the following grounds:
 

 “(1) That it violates provision of the Constitution of the State of Louisiana, providing for equal protection of laws to all citizens, Art. 2 of La.; Article 14 of Constitution of The United States, U.S. C.A.
 

 “(2) That it deprives one of his property without due process of law.
 

 
 *1091
 
 “(3) That it violates Article 6 Section 4 of the Constitution of the State of Louisiana, creating and defining authority of the Public Service Commission.”
 

 The motion was overruled, the ordinance was held to be constitutional; defendant was tried, convicted, fined $25, and appealed.
 

 The only provision of the ordinance attacked in this proceeding is that which prohibits the use of,any vehicle in the carrying on of a public transportation service within the city limits of Shreveport until the owner or operator of such vehicle shall have filed an indemnity bond in the sum of $5000 for each vehicle so used. The attack made on this provision of the ordinance is that it deprives the defendant of his property without due process of law, in violation of Section 2 of the Bill of Rights of the State Constitution and the Fourteenth Amendment of the Constitution of the United States, U.S.C.A., and that it violates Section 4, Article 6, of the State Constitution.
 

 There is no merit in these attacks. That a municipal corporation may, under its police power, regulate in a reasonable manner vehicular traffic on its streets is well settled by the jurisprudente of this country. It has been so held by every court, so far as we know, which has spoken on the subject. 43 C.J. p. 440, Sec. 597; 19 R.C.L. p. 846, Sec. 153; People’s Taxicab Co. v. City of Wichita, 140 Kan. 129, 34 P.2d 545, 95 A.L.R. 1218.
 

 The question,. then, is whether an ordinance which requires an indemnity bond ‘in a specific amount as a condition precedent to the operation of a passenger vehicle for hire on the streets is a reasonable regulatory measure. We hold that it is. Our reason for so ■ holding is that we entertain no doubt that the effect of such a measure is to secure cautious, skillful, and competent men as drivers of such vehicles. There can be no doubt that the safe operation of a motor vehicle depends largely, if not' entirely, upon, the caution, skill, and responsibility of the driver, and any measure which tends to secure competent drivers promotes the safety of the passengers, their property, and the general public. No individual or surety company would become security for a reckless, incompetent driver. The effect of requiring such bonds is to make it difficult, if not impossible, for reckless drivers to operate vehicles for hire on the streets. Furthermore, the effect of the bond, when secured by cautious, skillful drivers, is to make them more careful. The knowledge that an infraction of the rules for safety may cause cancellation of the bond, and thereby deprive them of the privilege of operating their vehicles, tends to keep them on guard, at all times.
 

 Because such measures are purely regulatory and tend to promote public safety, the adoption of them by municipal corporations is a reasonable exercise of their police power.
 

 An ordinance of the City of New Orleans, adopted many years ago, containing a, similar provision, was upheld by this court.in the case of City of New Orleans v. LeBlanc, 139 La. 113, 71 So. 248.
 

 
 *1093
 
 The identical question presented in the case at bar was decided by the Federal Court in the case of Lutz et al. v. City of New Orleans, D. C., 235 F. 978. Judge Foster, Federal District Judge, wrote the opinion holding that such a regulatory measure was a reasonable exercise of the police power of the City of New Orleans and that the ordinance was constitutional. The case was appealed to the Federal Circuit Court of Appeals and was affirmed for the reasons stated by Judge Foster (5 Cir., 237 F. 1018).
 

 Such measures have generally been upheld. State of Florida v. Dillon, Chief of Police, 82 Fla. 276, 89 So. 558, 22 A.L.R. 227. Numerous cases are cited in the note following this Florida case, as reported in 22 A.L.R.
 

 We quote the following from a case note found in 95 A.L.R., page 1224:
 

 “In every case in which the question has arisen, the validity of an ordinance requiring indemnity or liability insurance or the filing of a bond as a condition of operating a taxicab has been upheld as a valid exercise of the police power, since there is no right to use the city streets for purposes of private gain, and when one uses the streets for this purpose he is subject to reasonable regulation by the municipality.”
 

 In support of this text, numerous cases are cited. This note follows the case of People’s Taxicab Co. v. City of Wichita et al., 140 Kan. 129, 34 P.2d 545, 95 A.L.R. 1218, where it was held by the Supreme Court of Kansas that an ordinance requiring each taxicab operator to carry indemnity insurance was not so unreasonable as to be invalid. In that case the taxicab company sued to enjoin the enforcement of the ordinance on the ground that it deprived the plaintiff of its liberty and property without due process of law and denied it the equal protection of the law and was an invalid exercise of police power. The court overruled these attacks and held that the requirement by the city of an indemnity bond for each cab was a reasonable regulation and not an invalid exercise of police power.
 

 The following cases are to the same effect: Ex Parte Paul Cardinal, 170 Cal. 519, 150 P. 348, L.R.A.1915F, 850; Smallwood v. Jeter, 42 Idaho 169, 244 P. 149; Ex Parte Sullivan, 77 Tex.Cr.R. 72, 178 S.W. 537; Memphis St. R. Co. v. Rapid Transit Co., 133 Tenn. 99, 179 S.W. 635, L.R.A. 1916B, 1143, Ann.Cas.1917C, 1045.
 

 No one has the right to operate vehicles on the streets of a municipality in violation of reasonable traffic regulations, and, since an ordinance requiring indemnity bonds as a condition precedent to operating vehicles for hire on the streets is a reasonable regulation, it follows that such an ordinance does not deprive drivers of their property without due process of law. Nolen v. Riechman, D.C., 225 F. 812; Huston v. Des Moines, 176 Iowa 455, 156 N.W. 883, L.R.A.1918E, 524; Weksler v. Collins, 317 Ill. 132, 147 N.E. 797; Checker Taxi Co. v. Collins, 320 Ill. 605, 151 N.E. 675; People’s Taxicab Co. v. City of Wichita, supra.
 

 
 *1095
 
 Defendant in his motion to quash alleged that the ordinance violated Section 4, Article 6, of the State Constitution. This constitutional provision relates solely to the powers and authority of the Public Service Commission and has nothing whatever to do with the right of a municipality to adopt reasonable rules for the regulation of traffic on its streets.
 

 The judgment appealed from is affirmed.