GRAY *v.* DUFFY.

Opinion delivered March 6, 1922.

1. APPEAL AND ERROR—FINAL DECREE.—A decree which recites that the parties appeared, and defendant presented a demurrer to the complaint, that the demurrer was heard by the court and overruled, that defendant stood upon the demurrer and refused to plead further, and that it was "ordered and decreed that the temporary order heretofore issued herein be and the same is hereby made perpetual," is a final decree and is appealable.

2. APPEAL AND ERROR—FAILURE TO AWARD COSTS—FINALITY OF JUDGMENT.—Failure to award costs does not affect the finality of a decree making a temporary injunction perpetual.

3. FERRIES—JURISDICTION OF COUNTY COURT.—Under Const., art. 7, § 28, conferring exclusive original jurisdiction on the county court in matters relating to ferries, that court was invested with exclusive original jurisdiction in all matters relating to the control and regulation of ferries, including rates of charges.

4. FERRIES—JURISDICTION OF COUNTY COURT.—Const., art. 7, § 28. giving exclusive original jurisdiction of ferries to the county

court, was not repealed by adoption of Amendment No. 2, which authorizes the creation of a commission "to correct abuses and prevent unjust discrimination and excessive charges by railroads, canals and turnpike companies for transporting freight and passengers."

Appeal from Independence Chancery Court; *Lyman F. Reeder,* Chancellor; reversed.

*I. J. Matheny,* for appellant.

The provision in the Constitution, art. 7, § 28, conferring upon the county court "exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries," etc., confers upon that court, and none other, the power to fix the toll or rates to be charged by ferries. 98 Ark. 67.

Sec. 5, act 124, Acts 1921, is in conflict with the above constitutional provision.

*Samuel M. Casey,* for appellees.

1. The decree of the lower court is not final, and therefore, not appealable. 102 Ark. 380; *Union & Mercantile Trust Co.* v. *Hudson,* 147 Ark. 7.

2. Sec. 5, art. 124, Acts 1921, extending the jurisdiction of the Railroad Commission to the regulation and operation of ferries, is not in conflict with Constitution, art. 7, § 28. Ferries are classed as common carriers, and, under the original jurisdiction conferred on the Commission by Amendment No. 2, it would have jurisdiction over ferries, at least for the purpose of fixing rates. See decisions of this court in road cases in which the same constitutional provision was claimed to be violated. 138 Ark. 549; 139 *Id.* 281; 141 *Id.* 247; 139 *Id.* 153.

McCULLOCH, C. J. Appellees are, respectively, the owners of certain ferries and ferry privileges across White River in Independence County, and the county court of that county entered orders fixing rates of tolls for the ferries in the county, and attempted to enforce these orders. This is an action instituted by appellees

in the chancery court of Independence County to restrain the county judge from attempting to enforce the orders of the court.

This is an appeal from the judgment of the chancery court overruling a demurrer to the complaint and making perpetual the temporary restraining order issued at the commencement of the action.

It is contended by counsel for appellees, in the first place, that the decree is not final and appealable. The decree recites that the parties appeared, and appellant presented a demurrer to the complaint; that the demurrer was heard by the court and overruled; that appellant stood upon the demurrer, refused to plead further, and saved his exceptions to the ruling of the court, and that it was "ordered and decreed that the temporary order heretofore issued herein be and the same is hereby made perpetual." The record also recites that the defendants prayed an appeal to the Supreme Court, which was granted.

We are of the opinion that the decree was final, and that an appeal was properly prosecuted therefrom. It is true that the record entry of the decree does not show what the terms of the restraining order were, but the order was a part of the record in this case, and the decree must be read and interpreted in the light of the temporary order, which was as much a part of the record as the decree itself. The only omission was the failure to award costs, but that did not affect the finality of the decree. The perpetuation of the temporary order was necessarily final in its nature.

The main question in the case is whether or not the power to fix ferry tolls is vested in the county court by the Constitution, or in the Railroad Commission by the recent statute creating that Commission. (Act No. 124, Acts of 1921, p. 177).

The Constitution (article VII, § 28) provides that "county courts shall have exclusive original juris-

diction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, etc." Section 5 of the act of 1921, *supra,* attempts to confer jurisdiction on the Railroad Commission in "all matters pertaining to the regulation and operation of *    *    *    *    * toll bridges, ferries, steamboats, etc."

It is claimed that the provision of the Constitution quoted above relates merely to jurisdiction to establish ferries, which said jurisdiction is conferred upon the county court, but that the Legislature was left free to provide any agency it saw fit to regulate rates. We do not agree to this interpretation of the constitutional provision, which in plain terms confers jurisdiction on the county court "in all matters relating to county taxes, roads, bridges, ferries," etc. This undoubtedly includes the regulation of ferry rates because it is a part of the control of ferries. It was the plain purpose of the framers of the Constitution to place within the jurisdiction of the county court all control and regulation of ferries. The jurisdiction was exercised by the county court, without objection, in the case of *Covington* v. *St. Francis County,* 77 Ark. 258.

Again, it is contended that, even if the Constitution as originally written, conferred jurisdiction on county courts in such matters as the regulation of ferries, it was taken away by the adoption of Amendment No. 2, which authorizes the creation of a commission "to correct abuses and prevent unjust discrimination and excessive charges by railroads, canals and turnpike companies for transporting freight and passengers." This amendment has no application to the control of ferries, at least the language is not sufficiently explicit to be construed as an abrogation of the provision in section 28 of article VII, quoted above.

Counsel for appellees cite, in support of their contention that fixing ferry rates does not invade the jurisdiction of the county court, our recent decisions, beginning with *Sallee* v. *Dalton,* 138 Ark. 549, holding that the

creation of improvement districts for the purpose of improving public roads is not an invasion of the constitutional jurisdiction of county courts over roads. There is, we think, no analogy between the two questions, for the improvement of public roads does not displace the authority of the county court over the subject of public roads. On the other hand, the attempt on the part of any other agency to fix ferry tolls is essentially a regulation which falls clearly within the powers of the county court.

Our conclusion is that the decree of the chancery court was erroneous, and the decree is therefore reversed and the cause remanded, with directions to sustain the demurrer to the complaint.