MESSINA *v.* GALUTZA.

Opinion delivered December 10, 1928.

*Sheffield & Coates* and *Peter A. Deisch*, for appellant.

HUMPHREYS, J. This is an appeal from the decree of the chancery court of Phillips County dismissing appellant's complaint seeking to enjoin appellees from carrying on a general bus business over State Highway No. 44 between Helena and Ferguson, in Phillips County, Arkansas.

The complaint alleged, in substance, that appellant had a license certificate or permit from the Arkansas Railroad Commission to operate a bus line for the purpose of transporting persons for hire over said highway and between the city and town mentioned; that appellees and each of them were carrying on a general bus business in ordinary motor vehicles and automobiles, over said highway, without a permit from the Arkansas Railroad Commission, and by doing so were encroaching upon the franchise granted appellant.

Appellees filed an answer, denying the material allegations of the complaint, and interposing the further defense that appellant did not have an exclusive franchise to operate a bus line over said Highway No. 44, hence had no right to an injunction to protect his nonexclusive franchise.

On preliminary hearing a temporary restraining order was issued by the chancery court, prohibiting appellee from interference with appellant in the operation of his busses over said highway without having made previous contracts with the passengers for transportation. On a final hearing of the cause the court dissolved the temporary restraining order, and dismissed appellant's complaint for the want of equity. The decree was rendered upon the theory that the act in question is not broad enough in its provisions or implications to justify interference by injunction.

The act in broadest terms conferred power upon the Arkansas Railroad Commission to manage and control motor transportation in the State over its highways, and, as a method for doing so, authorized it to issue

licenses and permits to persons, firms and corporations to transport passengers and freight over its improved highways, under certain conditions specified in the act.

. The record reflects that appellant obtained a license certificate or permit from the Arkansas Railroad Commission, under act 99 of the General Assembly of 1927, to operate a general bus line over said Highway No. 44, in Phillips County, between Helena and Ferguson and through intermediate towns, for the purpose of transporting persons for hire. Also that appellees obtained a license certificate or permit from the Railroad Commission under said act to operate taxicabs over the highways of Phillips, Desha, Monroe and Lee Counties for the purpose of transporting persons for hire. Neither certificate nor permit purported to grant an exclusive franchise, and the act forbids that exclusive franchises be granted by said commission. According to the weight of the evidence, appellees have not confined and did not confine their business to carrying passengers from a given point along Highway No. 44 at any time, by private agreement, at varying prices and to varying distances. They ran their cars a short distance in front of the busses operated by appellant, and picked up, hauled and discharged passengers on said route wherever they desired to debark.

The licenses or permits obtained by appellant and appellees from the Railroad Commission to carry persons were not intended to allow an interference with the business of. each other. Although authorizing both to carry persons for pay, appellant was granted permission to operate a regular bus line between Helena and Ferguson and upon a fixed schedule, at a rate of fare common to all, and to take and discharge passengers at any point on the route. Appellees were granted permission to operate taxi service to carry persons at any time, by private agreement, at varying prices and at varying distances. Although neither had or could obtain an exclusive franchise to perform the particular services authorized by his license, yet neither was authorized, under the

act or his license, to encroach upon or interfere with the business of the other. The act under which appellant and appellees obtained their respective licenses contains the following provisions:

"The commission shall have the right to employ one or more inspectors, as may be needed, for the purpose of making the inspection of licenses from time to time, and if any person, firm or corporation is operating without complying with provisions of this act, then the Attorney General of the State of Arkansas, or any interested party, may institute suit in any chancery court where service on the defendant may be had, restraining the further operation of motor vehicles by such person, firm or corporation, until the provisions of this act are complied with."

We think this provision broad enough to allow either party to bring a suit in a court of equity to prevent interference by the other with the privilege acquired under the permit or license granted to each. The trial court should have made the temporary restraining order granted appellants perpetual.

On account of the error indicated the decree is reversed, and the cause is remanded with directions to render a decree in accordance with this opinion.