MORGAN *v.* FIELDER.

4-4771

Opinion delivered October 25, 1937.

. *Russell C. Roberts* and *Clark & Clark,* for appellants.

*R. W. Robins,* for appellees.

*Jack Holt,* Attorney General, *John P. Streepey* and *T. H. Humphreys, Jr.,* Assistants, *amici curiae.* ·

McHANEY, J.   Three cases are involved in this appeal which were consolidated for trial and are briefed together here.   Appellants are passenger motor bus owners and operators, each operating over a different route over state highways in and out of Conway, Arkansas, except that where one's route is over a portion of another's, he operates with closed doors, and takes no passengers on such portion.   They hold license certificates, issued by the Corporation Commission, under the statutes of this state, authorizing them to transport persons, passengers and property for hire over routes on the designated improved public highways of Faulkner, White and Cleburne counties, as set out in each of their complaints.   They have each spent a considerable and substantial sum of money to qualify, for equipment, for insurance against negligent injury to passengers and others, and are maintaining the type of service required of them under their respective permits.

They instituted three separate actions against the appellees, identical as to form and substance, except as to the name of the defendant and the route involved, alleging, as in *Morgan* v. *Fielder,* that said appellee, "his agents, servants and employees are wilfully, wantonly, and maliciously transporting and carrying persons or passengers and property over said route of this plaintiff, for compensation, and are now and have been doing an

irreparable injury to the business of this plaintiff without said certificate and authority as required by law." The prayer was that said appellee be enjoined from so doing and for actual damages in the sum of $250 and for punitive damages in the sum of $150. The defense in each case was a general denial of the allegations of the complaint.

After hearing the evidence, the court found that it did not show such interference with or injury to the business of appellants by the operations of appellees on that portion of the highways covered by appellants' permits as would entitle them, or either of them, to injunctive relief, and dismissed their complaints for want of equity.

We think the court erred in so holding. Section 2025 of Pope's Digest, act 99 of 1927, p. 257, § 3, as amended in 1929 and 1933, provides: "Every corporation or person, their lessees, trustees, or receivers, before operating any motor propelled vehicle upon the improved public highways of the state, the counties or cities, for the transportation of persons or property for compensation within the purview of this act, shall apply to the Commission and obtain a license certificate authorizing such operation and such license certificate shall be secured in the following manner." Section 2029 of Pope's Digest, being § 11 of said act 99 of 1927, reads as follows: "The Commission shall have a right to employ one or more inspectors as may be needed for the purpose of making inspection of licensee from time to time, and if any person, firm or corporation, is operating without complying with provisions of this act, then the attorney general of the state of Arkansas, or any interested party may institute suit in any chancery court where service on the defendant may be had, restraining the further operation of motor vehicles by such person, firm or corporation until the provisions of this act are complied with."

It is admitted that appellants have and that appellees have not complied with said statutes. It is, also, undisputed that appellees are operating their motor buses, in part at least, over the routes covered by the

permits of appellants, and that they pick up passengers and property along such routes and accept compensation therefor.

Appellees seek to uphold the decision of the learned trial court, first, on the ground that "the Corporation Commission has no power to regulate vehicles on public roads"; and, second, that they are not common or public carriers, and, therefore, not subject to regulation or licensing by such commission. As to the first proposition, appellees argue that because this court held in *Gray* v. *Duffy,* 152 Ark. 291, 238 S. W. 60, that the Railroad Commission, predecessor to the Corporation Commission, did not have power, under the constitutional amendment authorizing its creation, to regulate ferries and fix tolls or charges for ferriage, that the Corporation Commission has no power to regulate vehicles on the public highways. It is insisted that the same provision of the Constitution, Art. VII, § 28, conferring exclusive original jurisdiction on county courts in all matters relating to ferries, also, confers on the same courts the same jurisdiction in all matters relating to roads. But the word "county" in said section of the Constitution modifies or limits the words following it, so that it refers to county roads, county ferries, etc. We so held in *Connor* v. *Blackwood,* 176 Ark. 139, 2 S. W. (2d) 44, where we said: "If the word 'county' modifies the words 'roads,' 'bridges,' and 'ferries,' as we think is necessarily true, then it follows, as a matter of course, that the exclusive original jurisdiction of the county courts extends only to county roads and county bridges, and that they do not have *exclusive* original jurisdiction over state roads and state bridges." We have heretofore held against this contention. *Hester* v. *Ark. Railroad Com.,* 172 Ark. 90, 287 S. W. 763; *Messina* v. *Galutza,* 178 Ark. 608, 11 S. W. (2d) 468; *Merchants' Trans. & Warehouse Co.* v. *Gates,* 180 Ark. 96, 21 S. W. (2d) 406.

As to the second point that appellees are not common carriers, but private carriers not subject to regulation, we think the court again fell into error. While it is true that each has a card in his bus, stating he is not a

common carrier, and that each testified he refused to carry negroes and drunks, still they are violating the statute above quoted by each operating a "motor propelled vehicle upon the improved public highways of the state, the counties or cities, for the transportation of persons or property for compensation within the purview of this act" without "a license certificate authorizing such operation." Appellees so recognized the force and effect of the statute when they applied to the Commission therefor and a license was refused, because there was no showing of public convenience and necessity, and there is no contention that they fall within the class of excepted persons named in the act.

Nor is the case of *Jones* v. *Ferguson,* 181 Ark. 522, 27 S. W. (2d) 96, helpful to appellees, as there Jones was hauling goods for ten merchants or citizens exclusively under a single contract under which they furnished the truck.

A third point made by appellees is that the granting of injunctive relief would result in great inconvenience to the public. This may be true as to a very small part of the public who live some miles distant from the highways, but the Legislature determines the public policy of the state, and the courts have no right to disregard the statute. If the public convenience and necessity demand additional service, the proper forum to determine the matter in the first instance is the Corporation Commission. It denied appellees the right to operate and there was no appeal from its order. Other arguments are advanced by appellees which we have duly considered, but find them without substantial merit.

The decree of the chancery court will be reversed, and the cause remanded with directions to grant the injunctive relief prayed, and such damages as the proof may show appellants have sustained by the unlawful operations of appellees.