R. K. ADAMS BUS LINE *v.* FAULK.

4-6374                                    150 S. W. 2d 944

Opinion delivered May 19, 1941.

*Elbert W. Price,* for appellant.

*T. E. Abington,* for appellee.

HUMPHREYS, J.   This suit was instituted in the chancery court of White county against appellee on the 9th day of July, 1940, to enjoin him from transporting about twenty-five passengers from a community known as Opal to Beebe and back to Opal from Beebe in his bus on Saturday of each week for pay or gratis on the alleged ground that appellant was the owner of a rural bus line which he was authorized to operate under a license certificate or permit issued to him by the Corporation Commission of Arkansas pursuant to and in accordance with act 99 of the General Assembly of 1927, as amended by act 62 of the Acts of 1929 and act 12 of the Acts of 1933, over a route, intrastate, from El Paso.to Beebe and from Beebe to Searcy, the county seat of White county, and intervening points which included the road or highway from the community of Opal to Beebe.

It was alleged in the complaint that appellee had no license certificate or permit from the Corporation Commission for the transportation of persons or property for

compensation or gratis on the highway between the community of Opal and Beebe along appellant's route and that in transporting about twenty-five persons every Saturday from Opal community to Beebe and return he prevented appellant from transporting them as pay passengers in the sum of 20 cents each to his damage; in the sum of about $5 a week for a period of two years.

The prayer of the complaint was for a temporary restraining order and upon final hearing for a permanent restraining order prohibiting appellee from transporting passengers from Opal community to Beebe and return on Saturday of each week and for damages he has sustained by reason thereof.

An answer was filed by appellee denying each and every material allegation of the complaint.

A temporary restraining order was granted and upon final hearing the temporary restraining order was dissolved and the prayer of appellant was denied, except the court permanently enjoined appellee from transporting persons from Opal community to Beebe and return for hire, from which order is this appeal.

Appellant's objection to the order is that it did not enjoin appellee from transporting passengers gratis from Opal community to Beebe and return, on the ground that to transport persons between said points on appellant's route under his license certificate and permit deprived him of transorting them for pay in accordance with rates fixed by said commission.

This court ruled in the case of *Morgan* v. *Fielder*, 194 Ark. 719, 109 S. W. 2d 922, that one to whom the Corporation Commission had issued a license certificate or permit to operate a bus line over certain roads in the state to carry passengers or property for hire under authority of act 99 of the General Assembly of 1927 as amended by act 62 of the Acts of 1929 and act 12 of the Acts of 1933 was entitled to an injunction to prevent one, who, without such authority, was operating over the same highway to the damage of the other's business. In *Morgan* v. *Fielder, supra,* the facts showed that Fielder was operating his bus line as a common carrier on fixed

schedules over a regular route for compensation without any permit to do so, and, of course, was infringing upon the rights of Morgan under his license certificate or permit.

In the instant case appellee used his bus five days in the week to transport pupils to and from the school in the Opal school district, which he had a right to do, and on Saturdays it had been his custom to go to Beebe and take along any one of the children and their parents who desired to go to the town of Beebe and return, without charge or pay of any kind. He did this as a favor to the neighborhood or as a friendly act to his neighbors and had been doing it for many years before appellant obtained an indeterminate license or permit to operate a bus line over a route, intrastate, from El Paso to Beebe. Appellee did not operate on a fixed schedule nor for compensation over appellant's route and did not leave the Opal community for Beebe on Saturdays until after appellant's bus had gone through the community toward Beebe. There is no evidence in the record tending to show that appellee had an ulterior motive or purpose of infringing upon or injuring appellant's business. He was not holding himself out as a common carrier in opposition to appellant. We cannot find an intention on the part of the Legislature in enacting the act authorizing the Corporation Commission to issue indeterminate permits on the grounds of convenience and necessity, to prevent owners of motor vehicles along the route from inviting and allowing their neighbors to ride with them, if no charge were made. No such intent was expressed or can be implied in the enactment of said act and the amendments thereto.

Conditions might arise as they did in the case of *Morgan* v. *Fielder, supra*, that would entitle one holding an indeterminate license or permit to injunctive relief, but this record does not reflect that appellee was attempting to infringe upon the business of appellant nor to compete with him as a common carrier in the operation of his business.

No error appearing, the decree is affirmed.