ARKANSAS MOTOR COACHES, LTD., INC. *v.* WHITE
BUS COMPANY, INC.

4-8515                                          210 S. W. 2d 314

Opinion delivered April 19, 1948.

*E. J. Butler, Bailey & Warren* and *Walls Trimble,* for appellant.

*Mann & McCulloch,* for appellee.

ROBINS, J. Appellants are common carriers of passengers by motor bus, and as such have obtained from the Public Service Commission of Arkansas "certificate of convenience and necessity" authorizing them to operate over Highway 70 between Little Rock and Memphis. By their bill filed in the chancery court appellants sought an injunction to prevent appellee, which had obtained no authorization from the Public Service Commission, from operating its passenger motor buses over a portion of the above route on Highway 70.

From a decree of the lower court denying injunctive relief prayed they prosecute this appeal.

The facts are stipulated. It is agreed that appellants have obtained the "certificate of convenience and necessity" as alleged by them; and that appellee, without having obtained from the Public Service Commission any such certificate, is operating passenger buses on regular schedules over Highway 70 from Forrest City to Madison, and over Highway 50 from Madison to Widener, and return; and from Forrest City to Palestine and return, over Highway 70.

It is the contention of appellee, sustained by the lower court, that it is not required to obtain authority from the Public Service Commission because its operations fall within the exception created by sub-division 5 of § 5 (B) of Arkansas Motor Carrier Act (Act 367 of 1941), which exempts from control by the Commission buses operated wholly within a municipality, or between contiguous municipalities, or "within a zone adjacent to and commercially a part of any such municipality."

The decision of this case turns on the meaning of the phrase "within a zone adjacent to and commercially a part of any such municipality," as used in said Act. Appellee insists that the stipulation shows that Palestine, Madison and Widener and the territory between

said points and Forrest City are "within a zone adjacent to and commercially a part of" Forrest City.

The relevant portion of this stipulation is as follows: "The towns of Madison, Widener, Caldwell and Bonair, and the City of Forrest City, are all within St. Francis county. Forrest City is the largest city of this county. Forrest City is the county seat of St. Francis county. All of these towns are so small that most of their inhabitants do part of their trading in Forrest City. A great many of the inhabitants do a large part of their trading in Forrest City. The same is true of those persons living along the road between each of these towns and Forrest City. These towns are so small that their stores do not carry as complete lines of merchandise, or as many varieties, as those in Forrest City; therefore, the inhabitants of these towns must, of necessity, buy these items somewhere else. Most of these purchases are made in Forrest City. None of these outlying towns has a lawyer, and virtually all legal business is done in Forrest City. None of these outlying towns has a hospital or clinic, while the hospitals and clinics in Forrest City handle most of the patients from these areas. Many persons from these towns, and the areas between them and Forrest City, come to Forrest City for entertainment and recreation. Most of the agricultural products of the areas surrounding these towns are cleared through offices and businesses in Forrest City. Many persons owning land in and around these towns have their residences in Forrest City and travel back and forth between them. Numbers of inhabitants from each of these towns, and their surrounding areas, come to Forrest City at least once per week, particularly on Saturday, for one or more of the reasons stated above."

There is no statement in the stipulation as to whether inhabitants of Palestine, or of the territory between Palestine and Forrest City use the latter city as a trading point.

Widener and Palestine are incorporated towns. Forrest City is a city of the first class. Widener is 6½ miles from Forrest City and Palestine is 7 miles from Forrest City.

We have not heretofore had occasion to construe the phrase "within a zone adjacent to and commercially a part of any such municipality"; and we are not referred to the decision of any court of last resort where such phrase has been defined.

We conclude that the Legislature did not intend to include a non-contiguous municipality in a "zone adjacent to and commercially a part of" another municipality. The fact that the state has incorporated territory into a city or town is a formal recognition by the state that such community is a separate and independent entity, regardless of how small its population may be. The word "zone," in its original significance, means "belt"; and it would appear that when the Legislature referred to a "zone adjacent to and commercially a part" of a city it meant that area lying immediately adjoining on all sides the corporate limits of such city and inhabited by people who trade and, in most cases, work in such city, rather than an area that would include other separate municipalities.

Palestine and Widener, being incorporated towns, therefore, would not fall within a "zone adjacent to and commercially a part of" Forrest City.

Hence the operations of appellee were not exempt from control of the Public Service Commission; and, since appellee has not obtained from the Commission the "certificate of convenience and necessity" to authorize its passenger carrier service, it follows that the lower court should have granted the injunction asked by appellants. *Morgan* v. *Fielder,* 194 Ark. 719, 109 S. W. 2d 922.

The decree appealed from is reversed and the cause is remanded to the lower court for further proceedings not inconsistent with this opinion.