CITY OF ELIZABETHTOWN, a Municipal Corporation, Appellant,

v.

HARDIN COUNTY FISCAL COURT et al., Appellees.

Court of Appeals of Kentucky.

March 25, 1977.

Rehearing Denied June 3, 1977.

John L. Arnett, Elizabethtown, Donald E. Skeeters, Radcliff, for appellant.

James N. Scudder, Elizabethtown, for appellees.

Before COOPER, REYNOLDS and VANCE, JJ.

COOPER, Judge.

This case is on appeal from the Hardin Circuit Court which judgment held that the Hardin Fiscal Court could withdraw extraterritorial jurisdiction from the City of Elizabethtown Planning and Zoning Commission.

By resolution adopted by the Fiscal Court of Hardin County on March 11, 1970, and pursuant to KRS 100.131 the Fiscal Court granted to the City of Elizabethtown Planning and Zoning Commission extraterritorial jurisdiction extending two miles from the city limits. On April 16, 1970, the Elizabethtown Planning and Zoning Commission accepted that jurisdiction stating that said jurisdiction was for the purpose of planning and zoning. Thereafter, the Elizabethtown Planning and Zoning Commission exercised planning and zoning authority over the area adjacent to the City of Elizabethtown in Hardin County for a distance of two miles from the city limits. On March 8, 1976, the Fiscal Court of Hardin County adopted a resolution in an attempt to withdraw the extraterritorial jurisdiction granted to the City of Elizabethtown Planning and Zoning Commission on March 11, 1970.

KRS 100.131 reads as follows:

An independent city planning unit may exercise extraterritorial jurisdiction for the purposes of subdivision regulations and, with the consent of the fiscal court, other regulations up to five (5) miles from all points upon the city's boundary, but not beyond the county boundary, nor within the boundary of any city not in such planning unit, provided, however, that where the extraterritorial jurisdiction of planning units overlap, the boundary shall be midway between them. The jurisdiction of joint and regional planning units shall be coterminous with their political boundaries. Nothing herein, however, shall prevent any planning unit from making planning studies of areas located outside its jurisdiction.

It is clear from the statute that the City of Elizabethtown has a statutory discretion in assuming reasonable subdivision regulations up to five (5) miles from all points of the city boundary. However, any other regulatory power can only be exercised with the continuing consent of the governing body of the county wherein that city lies.

In the present case the authority for planning and zoning exercised by the City of Elizabethtown is dependent upon the

consent of the Fiscal Court of Hardin County. This Court has held that a Fiscal Court acting in a legislative capacity may at any time revoke a prior order where no contract rights are affected. *Crittenden County Court v. Shanks*, 88 Ky. 475, 11 S.W.2d 468 (1889); *Crick, County Judge v. Rash*, 190 Ky. 820, 229 S.W. 63 (1921). Therefore, we hold that the Hardin Fiscal Court could withdraw extraterritorial planning and zoning jurisdiction from the City of Elizabethtown pursuant to its resolution of March 8, 1976.

We affirm.

All concur.