WHITE et al. v. MAVERICK COUNTY WATER CONTROL AND IMPROVEMENT DIST. NO. 1 et al. *

No. 8463.

Court of Civil Appeals of Texas. San Antonio.

April 3, 1930.

Rehearing Denied April 10, 1930.

*Writ of error granted.

Jones & Lyles and J. J. Foster, all of Del Rio, and J. B. Lewright, of San Antonio, for appellant.

Ben V. King, of Eagle Pass, and Terrell, Davis, McMillan & Hall, of San Antonio, for appellees.

## PER CURIAM.

The Maverick County Water Control and Improvement District No. 1 was created and organized, and is undertaking to function, under the provisions of chapter 25, Acts of the Thirty-Ninth Legislature (1925), as amended by chapter 107 of the Acts of the Fortieth Legislature, First Called Session (1927), and chapter 280 of the Acts of the Forty-First Legislature (1929), which acts were passed under the authority of section 59, art. 16, of the State Constitution. This litigation grows out of an effort in behalf of the district to exercise the right of eminent domain granted to such districts by constitutional and statutory provisions, and in accordance with the procedure prescribed in section 14 of the Act of 1929 (chapter 280, G. L. p. 578). The appeal rests chiefly upon an attack upon the validity of section 14.

In this suit the district sought to condemn about 500 acres of land and the improvements thereon, belonging to appellant White, through the process so tediously prescribed in section 14. The land sought to be condemned lies in the form of a strip, from 150 to 500 feet wide and about 6 miles long, lying near and following the meanders of the Rio Grande.

It seems that the district board of appraisers "viewed" this property, and filed their findings and report with the secretary of the district, which ordered a hearing thereon for March 22, 1930. White then instituted this action to enjoin the district from proceeding with the condemnation. The trial judge granted a temporary restraining order, returnable March 22, on which date he sustained the district's plea in abatement of White's suit. White refused to amend, and the trial judge dismissed the suit. All parties treat the case as one in which the court refused a temporary injunction, and this appeal resulted. The trial judge entered an order continuing the restraining order in force pending the appeal.

■ This is an appeal from an order made by the district judge, in vacation, sustaining a plea in abatement, which was really a plea to the jurisdiction of the court. If the district court did not have jurisdiction of the cause, it had the power and authority in term time or vacation to dismiss the suit, and, if it was without jurisdiction, the restraining order was ab initio null and void. If that order was null and void, the action of the court in sustaining the plea in abatement did not in effect deny the temporary writ, nor dissolve the injunction, and there was no order from which an appeal could be prosecuted. If the court had no jurisdiction, there was, of course, no efficacy or force in any order seeking to suspend the judgment while an appeal was pending.

■ The law in cases of condemnation is plain as to the course to be followed to obtain redress when a person is aggrieved at the action of those condemning his property, and no other course can be followed. The special procedure must be followed, and the tribunals constituted and named to hear such causes alone have jurisdiction. Under the act of 1929, as hereinbefore set out, an appeal is granted to the county court, and, if it be true, as contended by appellants, that the act of 1929 is unconstitutional and consequently invalid, that question can be raised in the county court and on to the court of last resort. It is provided in the amended act passed in 1927 and 1929 that the district, or any interested party, may appeal to the county probate court from the award of the appraisers, in which court the procedure is prescribed, and that the trial shall be conducted as in other civil suits and an appeal lies, as in other cases, from the judgment of the county probate court. Just as in school cases, certain persons are authorized to pass upon matters of difference, and it has been held time and again that the procedure provided must be followed until it is exhausted, before the powers of a court can be invoked.

We think the method in condemnation cases must be followed before courts can assume jurisdiction. The machinery provided by law for the condemnation of property was in operation, and no other tribunal could deprive it of its jurisdiction over the subject-matter. Texas & N. O. R. Co. v. City of Beaumont (Tex. Civ. App.) 285 S. W. 944; Gulf Coast Irr. Co. v. Gary (Tex. Com. App.) 14 S.W. (2d) 266.

The judgment is affirmed.