**SABINE RIVER AUTHORITY OF TEXAS, Appellant,**

v.

**J. P. McNATT et al., Appellees.**

No. 15735.

Court of Civil Appeals of Texas.

Dallas.

June 3, 1960.

Rehearing Denied July 8, 1960.

H. P. Kucera, City Atty., and N. Alex Bickley, Asst. City Atty., Dallas, Byron Tinsley and Lutcher Simmons, Orange, and Allen Clark, Greenville, for appellant.

O. B. Fisher, Paris, G. C. Harris, Olin P. McWhirter and Ben F. Lowrie, Greenville, for appellees.

YOUNG, Justice.

On September 22, 1959 McNatt and others filed this suit in Hunt County to enjoin appellant Authority from exercising any powers of eminent domain as authorized by Art. 7880–126, Vernon's Ann.Civ.St. (Acts of 1931, 42nd Legislature) on grounds of unconstitutionality, other landowners intervening. On hearing, a temporary injunction was granted, restraining defendant District from proceeding or taking any action to acquire the lands of appellees pursuant to Art. 7880–126, declaring said legislation

"void and unconstitutional for the reasons stated in plaintiffs' petition" and pleas of intervention; the District duly appealing.

The Sabine River Authority of Texas is a governmental agency created by Art. 8280–133, V.A.C.S.; at the present time engaged in acquiring lands within the Sabine River Water Shed and Tributaries for construction of reservoirs within the State of Texas for use by various cities. Appellees (plaintiffs and intervenors) owned certain lands which are necessary to construction of the Iron Bridge reservoir by the Authority; which project is now under construction insofar as the dam, outlet and impounding facilities are concerned and is nearing completion. The parties had earlier failed in efforts to agree on land values; whereupon the Authority had instituted various condemnation suits under Title 52, Vernon's Ann.Civ.St. art. 3264 et seq., by filing a petition with the County Judge of Hunt County, who appointed special commissioners but no hearings were had or awards made. About September 14, 1959, the Authority by resolution had elected to adopt the procedure for condemnation outlined in Art. 7880–126 in lieu of the provisions of Title 52, Eminent Domain; thereby activating the instant suit; defendant on October 1, 1959 presenting a petition to District Judge Myers under authority of Art. 7880–126 seeking to set up the "tribunal" there provided for, preliminary to a condemnation of these Hunt County lands by means of the latter Statute.

The Legislature purpose of Art. 7880–126 (Acts of 1931) was stated as fixing a more practical, economical and equitable procedure for condemnation by water control and improvement districts; having been enacted in lieu of Act of 1929 Legislature, Sec. 14 of which had been held unconstitutional in White v. Maverick County Water Control and Improvement District, Tex.Com. App., 35 S.W.2d 107. Ways and means for a more expeditious acquisition of land or interest therein by these Districts through condemnation suits have been the subject of considerable litigation. In 16 Tex.Jur. (Eminent Domain) p. 333, § 72, it is stated that:

"In the original Act of 1925 (RS Art. 7880–126, as originally enacted by Acts 1925, 39th Leg. RS p. 123, ch. 25, § 126), it was provided that all procedure with reference to condemnation, appeal, and payment should be in accord with the provisions of the general condemnation statute. In 1927, the legislature apparently made an attempt to amend this provision, but instead substituted for it a clause relating to an entirely different matter. (Act 1927, 40th Leg. 1st CS p. 496, ch. 107, § 19). In 1929, the provision was again amended, and this time the legislature outlined in great detail an entirely new proceeding for condemnations, to be administered by a board of commissioners of appraisement appointed by the district directors. (RS Art. 7880–126 as amended by Acts 1929, 41st Leg. p. 578, ch. 280, § 14). This procedure, 'so tediously prescribed' in the statute of 1929, was held to be violative of section 1 of article 11 of the Constitution by the Commission of Appeals in 1931. The Commission determined, however, that such districts could properly proceed under the provisions of the general condemnation statute. Subsequently, the legislature, in an enactment which recited that the effect of this decision was to 'deny to districts the right to exercise the more practical economical and equitable procedure for condemnation intended,' again amended the law, by giving the district directors the right to elect as to whether condemnation suits would be brought under the procedure prescribed by the general condemnation statute or under a modification of the special procedure hereinbefore referred to. (RS, as amended by Acts 1931, 42nd Leg. p. 466, ch. 275, § 3)".

As sole point of appeal, Sabine River Authority asserts that the trial court erred in holding Art. 7880–126, Acts of 1931, void

and unconstitutional on grounds stated in the pleadings of appellees and grant against it of temporary injunction; appellees on the other hand contending that Art. 7880–126 as amended did not cure the basic infirmities of procedure discussed in the White appeal; that the 1931 Act is an almost verbatim reproduction of the condemned 1929 Act and is just as violative of the Constitution as it was before. Appellees in reply brief attach a photocopy of the 1929 Act (41st Leg.) and in columns headed "1929" and "1931" presents material portions of each Act by way of comparison, viz.:

| 1929 Act | 1931 Act |
| --- | --- |
| 1. District Directors shall appoint three member board of Commissions, possessing certain qualifications. (subsec. a) | 1. District Directors shall nominate for appointment by District Judge a three member Tribunal, possessing the same qualifications, except one to be lawyer. (subsec. b)<br><br>Such nominees to be appointed by District Judge at time and place set for hearing after notice, except for good cause shown. (subsec. c) |
| 2. At first meeting Commissioners to take oath prescribed. (subsec. b) | 2. Tribunal to take oath prescribed. (subsec. d) |
| 3. "In all matters before said commissioners they shall have the power to administer oaths, compel the attendance and testimony of witnesses and the production of documentary evidence, in all things as may be done by a court of record." (subsec. a) | 3. " * * * shall be established to be a Judicial Tribunal within the meaning and intent of Section 1 of Article 5 of the Constitution of Texas, and they shall have all such duties and powers for procedure and for effecting the administration of Justice (insofar as is appropriate to accomplish the purpose of this Section 126) as now are, or as hereafter may be, conferred on County Courts and the judges thereof." (subsec. d) |
| 4. Secretary of Board of Directors to be Secretary of Commissioners. (subsec. b) | 4. Same (subsec. g) |
| 5. Within 30 days Board to begin duties and may require presence and necessary assistance of District's Engineers and Attorneys. (subsec. c) | 5. Same (subsec. i) |

6. Board shall view all lands, appraise and assess the value of the affected lands, be governed by the provisions of Article 3265, R.C.S. of Texas. "All provisions of Title 52 of the Revised Civil Statutes of Texas, shall control condemnation proceedings hereunder as to all matters not herein otherwise provided for, but the specific provisions, and intent, hereof shall control in all cases of doubt." (subsec. d)

6. Same (subsec. j)

7. District may waive provision of this Section; in such event the procedure may be the same provided in Title 52. (subsec. d)

7. Same (subsec. j)

8. The Board shall prepare specific and detailed proposed findings, showing: (1) assessments of tax burdens; (2) value of land to be taken in fee simple; (3) amount of assessed compensation for easement to be taken; (4) amount to precompensate for injury or damage to property not condemned; (5) specify parts of land falling in more than one classification given; such report to be approved and signed by at least two members of Board. (subsec. d)

8. Same, except (1), which is omitted. (subsec. j)

9. Report shall show number of days each commissioner has actually served and actual expenses incurred by each in serving the District; District to pay reasonable fees, not to exceed $25.00 a day. (subsec. d).

9. Same (subsec. j)

10. Commissioners in proposed report to fix times and places when and where they shall hear objections to their findings as reported. (subsec. d)

10. Same (subsec. j)

11. Upon filing of proposed report with District's Secretary, such secretary to give notice by publication, and at least 10 days before any hearing by mail or personal service to each landowner, giving substance of report filed; that landowner may examine same and file objection to all or any part of such report. (subsec. e)

11. Same (subsec. k)

12. At or before hearing on filed report, landowner may file exception to all or any part of report and may or shall file with District claim for damages. (subsec. f)

12. Same (subsec. *l*)

13. Board of Commissioners at time and place named shall hear evidence, determine all objections and claims for damages; may grant in whole or in part or overrule any claims or other exceptions to report; may recess from day to day or place to place. (subsec. f)

13. Same (subsec. *l*)

14. Board enters final decree concerning proposed report, condemn all such lands, apportion and adjudge costs incurred in such manner of allocation as may be deemed equitable; condemnation to be of fee simple title or easement as may have been elected or designated by Directors; adjudge and award all compensation for property or easement taken, and all damages, if any. (subsec. f)

14. Same (subsec. *l*)

15. Certified copy of final decree filed with County Clerk for record; such record to be notice to all persons of contents of such decree. (subsec. f)

15. Same (subsec. *l*)

16. The original decree shall be permanent record of District and shall also constitute notice. (subsec. f)

16. Same (subsec. *l*)

| | |
|---|---|
| 17. All decrees shall be subject to appeal or judicial review in the manner hereby specified and not otherwise: (subsec. f) | 17. Same (subsec. *l*) |
| (a) Only question to be considered is whether just compensation has been allowed or whether any damages are lawfully recoverable. | (a) Same |
| (b) Such appeal shall be taken to the County Court | (b) Such appeal shall be taken to the District Court. |
| (c) Notice of appeal shall be given within 2 days after entry of final decree, by filing written notice—simple statement, specifying exact claims sought to be established—with Secretary of District. | (c) Same |
| (d) Within 5 days after entry of decree, appellant shall file with clerk of court to which appeal is taken a bond. | (d) Same |
| (e) Unless appeal is perfected within 7 days after day of rendition of final decree, such decree shall be instantly final and conclusive and there shall be no extension of time for filing appeal. | (e) Same |
| (f) Within 12 days after entry of final decree, if appeal is prosecuted, Secretary shall file with Clerk of Court certified transcript of final decree. | (f) Same |
| (g) All appeals shall constitute one cause in County Court and shall be so docketed. | (g) Same, except in District Court. |
| Section "h" relates to provisions for referees, omitted from 1931 Act. | (h) Omitted from 1931 Act. |
| 18. Upon filing said report the County Clerk shall set same down for hearing without intervention of jury. (subsec. f) | 18. Upon filing of said appeal, District Court etc. (same) (subsec. *l*) |
| 19. Notice given by Clerk to each interested party by registered mail. (subsec. f) | 19. Same (subsec. *l*) |

20. Hearing held not less than 10 days nor later than 20 days after day of mailing notice. (subsec. f)

20. Same (subsec. l)

21. At the time of the beginning of such hearing and not thereafter, each party shall be permitted to file exceptions to the proposed report of the Court's Referees, which exceptions shall, however, be confined to the grounds stated by any such person in the notice of appeal filed with the District's Secretary, having regard, however, to relating the same to the report of the Court's Referees. Upon the filing of exceptions, the court shall proceed to properly hear evidence, and after hearing all evidence offered, shall enter final decree; approving the Referees' report or modifying it so that the decree will in court's judgment conform to justice in each case. (subsec. f)

21. The Court shall proceed to hear proper evidence under any filed exception; after hearing all evidence and argument offered, court shall enter its final decree, either approving decree of tribunal, modifying same, or in any manner changing same, so that decree will in the Court's judgment conform to justice of each case. (subsec. l)

22. As to all matters not specifically otherwise provided for, provisions of Title 52, R.C.S. shall control. (subsec. f)

22. Same (subsec. l)

23. Appeals may be taken from that (county) court, as in other civil cases, and each appeal shall constitute a separate cause upon the docket of the Court of Civil Appeals. (subsec. f)

23. Same except District Court (subsec. l)

24. No appeal shall delay taking possession by District, provided District shall set apart in its designated depository a total sum deemed by Directors of District adequate to pay each owner amount awarded, or may be awarded on appeal. Certificate of such reserve shall be made to Clerk of Court in which appeals are pending. Judge of Court, up-

24. Same, except total sum of money to be deposited to be not less than double the amount of total awards made by Tribunal. (subsec. l)

on motion of any aggrieved appellant, may, in case of evident abuse of discretion by the Directors of District, require Directors to increase this reserve fund to sum deemed by Judge adequate to discharge final awards, which must be complied with before District may be awarded right to take possession of any property condemned. However, upon compliance herewith title to all lands, or property condemned, shall after payment, or provision for payment, of compensation, vest in the District and it shall be entitled to immediate possession thereof. (subsec. f)

---

The pleading of appellees made attack upon the 1931 Act on grounds, in substance: (1) it was an attempt to secure property without due process of law (Art. 1, § 19, State Constitution, Vernon's Ann.St.); (2) did not afford landowner right of trial by jury (Art. 1, § 15, State Constitution); (3) was a taking, damaging or destroying of property for public use without adequate compensation (Art. 1, § 17, State Constitution); (4) was an infringement on division of powers of State Government (Art. 2, § 1, State Constitution); (5) defendant authority having no right under law of its creation (Art. 8280–133) to proceed under Art. 7880–126: (6) appellant has made an irrevocable election of remedies, having elected to proceed under Title 52, Eminent Domain Statute of Texas; and further that Art. 7880–126 has been superseded by Art. 3264, § 1, as amended by 43rd Legislature in 1934.

By reference to above chart differences in the two Acts may be readily seen. In the 1931 Act the District Directors shall nominate for appointment by the District Judge a three man tribunal (instead of such Directors themselves appointing a three member board of commissioners) said tribunal to be established as a court within meaning and intent of Sec. 1, Art. 3, State Constitution; and objecting landowners may appeal to the District Court from final decree of the tribunal on amount of compensation to be paid; the District Court without intervention of jury to hear evidence offered and enter final decree on each exception "according to justice of each specific case," and as to all matters not specifically provided for by Art. 7880–126, the decree to conform to provisions of Title 52, Vernon's Ann.Civ.St. Provisions for appointment of three referees was omitted from the 1931 Act.

Under the general condemnation statute, Title 52, the initial step was a petition filed by condemnor stating a failure to agree with the landowner on amount of compensation whereupon three "disinterested freeholders" were appointed to act as special commissioners for that purpose. In 1929 Act the Board of Directors of the District or Authority were to name these commissioners of appraisement; which method under White v. Maverick County Water Control & Improvement District, supra, was

held invalid as giving said District Board (who were directly and financially interested in the results of the condemnation proceedings) "the power to name the judges who shall adjudicate the rights of the parties." In the 1931 Act the procedure involving set-up of commissioners (Tribunal) was differently worded. In their initial petition to the District Judge under Sec. b, the District Board "shall nominate for appointment three men of lawful age, the procedure of whose selection shall be as follows:

"All shall be qualified electors of this State; one shall be a lawyer deemed to be learned in the Law of Eminent Domain, and the exercise of rights thereunder; two shall be men deemed to have a good knowledge of the value and uses of lands, injuries to lands, and benefits to lands to be affected by the proposed condemnation; all shall be disinterested men, of good moral character; no one of them may knowingly be related within the third degree of consanguinity, or affinity to any member of the Nominating Board or the Judge having jurisdiction, or to any person known to be asserting title to, or an interest in, any property proposed to be condemned. * * * At the time and place fixed by the District Judge for the hearing of the petition, and after hearing protest by all interested persons, the Judge, for good cause shown, may refuse to appoint any or all of those persons nominated in the petition and, in lieu thereof, he may appoint other persons deemed by him actually to be qualified under the provisions of this Act. If good cause for refusal is not established the Judge shall appoint the persons nominated in the petition, whereupon said proceedings shall be terminated, and no appeal from the action of the Court can be maintained."

It is argued that above method of appointment contains defects inherent in

the 1929 Act, the Board's nominees constituting the Tribunal in absence of a showing of good cause. While the sole responsibility in the premises might well have been made to rest on the District Judge alone, we think the same result is accomplished by the hearing afforded; it being assumed that the Court will act justly and fairly to all concerned, the result being "three disinterested and qualified free holders" as required by Title 52 involving condemnation of lands. Furthermore, the attack upon method of formation of board or tribunal is rendered rather innocuous, in our opinion, because its duties cease upon filing of final report; an appeal being provided to the District Court appointing them, before whom a full hearing is accorded in nature of a trial de novo. In City of Bryan v. Moehlman, 155 Tex. 45, 282 S.W.2d 687, 689, a final award of the commissioners of appraisement was attacked on ground that they were not "disinterested freeholders" as a matter of law. Our Supreme Court held that the matter of disqualification vel non had no harmful effect because " * * * If the commissioners were disqualified, or there was any other irregularity in the proceedings, appellant's remedy was adequate and ample by the proper proceedings in the county court to contest the award of the commissioners, and by appeal, if necessary. * * *"; further stating in the same connection that " * * * We have been cited to no authority holding that the disqualification of such a special commissioner would render the proceedings void or subject to collateral attack."

But appellees contend that the 1931 Tribunal does not constitute a court; no more so than did the 1929 Board of Appraisement, already condemned in the White v. Maverick County Water Control and Improvement District appeal, supra; the Commission of Appeals there stating [35 S.W.2d 109]:

"That strictly judicial power is conferred upon this board is too plain to admit of any serious controversy. It is not an instance where the Legisla-

ture has sought by statute to vest executive officers with powers of a quasi judicial nature involving the exercise of judgment and discretion as a necessary incident to the discharge of their necessary functions, but is one where strictly judicial power is attempted to be given, enabling the persons upon whom it is conferred by solemn decree to divest a citizen of title to his property. It is frankly conceded by defendants in error that the conferring of such power can only be justified upon the theory that the Legislature intended by this enactment to create the board of commissioners of appraisement as a court, and contemplated that it function as such."

It was with reference to above holding that the 1931 Act in § 2, recited:

"(b) A recent decision by the Supreme Court of Texas has declared the most material provisions of Section 14 of Chapter 280 to be void as constituting a legislative attempt to invade the province of the Judicial Department of the State's Government by conferring Judicial functions on an Administrative body in contravention of Section 1 of Article 2 of the Constitution of Texas. The effect of said decision is to render uncertain the means by which a District may assess taxes on a basis of specific benefits; and, will deny to Districts the right to exercise the more practical, economical and equitable procedure for condemnation, intended by the Legislature to be conferred by said Section 14; wherefore, said Section 14 of Chapter 280 hereby is repealed, and in lieu thereof it is provided as follows, viz.:"

The Act further provided in its caption, for organization of Tribunals of original jurisdiction within meaning and intent of Section 1, Art. 2, and Section 1, Art. 5, of the Constitution of Texas; prescribing their jurisdiction, powers and manner of procedure thereunder for appeals, etc; in Sec. 1, stating that the word tribunal shall be understood to mean a body having original jurisdiction of proceedings for condemnation, and to exercise judicial functions within the meaning and intent of Sec. 1, Art. 2, and Sec. 1, Art. 5, of the Constitution of Texas.

■■ It is well settled that our State Constitution does not contain a grant of condemnation jurisdiction as such to County Courts. Gulf, C. & S. F. Railway Company v. Tacquard, 3 Willson Civ.Cas.Ct. App. § 141; Texas Pipeline Company v. Hunt, 149 Tex. 33, 228 S.W.2d 151. Also that said basic instrument has granted to the Legislature the power by local or general law to transfer portions of the jurisdiction of County Courts to District Courts or to place matters of condemnation under such other courts (Tribunals) as it sees fit—Sec. 22, Art. 5; Sec. 1, Art. 5, State Constitution.

"The history of the many laws enacted by the legislature of this State relating to the exercise of the right of eminent domain clearly shows that it is the policy of the legislature to liberalize the exercise of that power, rather than to restrict it. Within recent years many agencies have been created to perform certain functions of a governmental nature, and to meet the needs many laws have been passed."

Brazos River Conservation and Reclamation District v. Costello, 135 Tex. 307, 143 S.W.2d 577, 578, 130 A.L.R. 1220. Also generally applicable here is the rule that statutes granting power of eminent domain are strictly construed in favor of the landowner and against those corporations and arms of the state vested therewith. Coastal States Gas Producing Company v. Pate, Tex., 309 S.W.2d 828.

In the wording of Art. 7880–126, the Legislature made certain that it intended to create and did create a court or tribunal which was to have original jurisdiction of proceedings for condemnation and was to

exercise judicial functions as provided in our State Constitution; thereby freeing the 1931 Act from the infirmity above referred to in White's appeal, supra, where merely an administrative body was involved rather than a "tribunal" vested with judicial powers.

Again the validity of the 1931 Act is seriously challenged in the following respect: By reference to above chart or synopsis of the Acts, the Tribunal, after hearing of objection to its "proposed report" on land values and assessment of damages, then enters its decree which becomes final in absence of appeal to the district court; the effect being to divest title of all nonappealing landowners and vesting same in the condemnor. A like provision of the 1929 Act relative to the decree of Commissioners of Appraisement was declared void in White v. Maverick County et al., supra, (language above quoted) as investing this administrative body with strictly judicial functions. Board of Water Engineers v. McKnight, 111 Tex. 82, 229 S.W. 301, is cited holding that because a dissatisfied claimant was entitled to be heard in the county court in nature of a trial de novo, did not save the statute from constitutional infirmity. On the other hand, the present Act sets up a "tribunal of primary jurisdiction" (Sec. 3) to have "original jurisdiction of proceedings for condemnation hereunder, and to exercise Judicial functions within meaning and intent of Section 1, Article 2, and Section 1, Article 5, of the Constitution of Texas." They take oath of office, have a clerk, who keeps minutes which shall be a public record, have an official seal and are vested with "such duties and powers for procedure and for effecting the administration of Justice (insofar as is appropriate to accomplish the purpose of this Section 126) as are now or as hereinafter may be conferred on county courts and the judges thereof." (Sec. 3). Decrees of such a tribunal would therefore effectually divest title to the subject lands and easements; and thus curative of the 1929 Act deficiency in this regard.

Sec. j, Art. 7880–126 provides in great detail the tribunal procedure in viewing the particular lands and the method of assessing values, etc.; and a more serious question is presented in the charge that same violates Art. 1, Sec. 19, (Due Process Clause) of the Constitution in that no hearing is afforded to the landowner prior to determination of compensation to be paid to him. By reference to the foregoing comparative outline of the two Acts, they are seen to be almost identical. After making their investigation, the commissioners of appraisement or the tribunal (1931 Act) are then to file with the Secretary of Defendant Board a proposed report of their findings concerning values; and after notice to the landowner, hearing will be had and evidence taken on objections to the proposed report. Such method of operation by the Board of Appraisement in the 1929 Act, carried forward in the 1931 Act, was held invalid in White's appeal, supra, as lacking in due process; the Commission of Appeals holding in part that:

" * * * all enactments heretofore made by the Legislature in creating courts allow parties having litigation therein the right of an original hearing before a decision is rendered, while, under the provisions of this law, the so-called court is required to make its own investigation in any manner it may see fit and reach a decision as to the amount of compensation which should be awarded the owner of land sought to be condemned. It may obtain the information upon which it acts from any biased or prejudiced source it deems proper. The landowner is not accorded a hearing until after the board has reached a conclusion and filed its decree. After the question in which the landowner is vitally interested is decided, the owner is given notice thereof, and the matter is set down for hearing. * * *

"If the Legislature intended to create a court by the provisions of section 14, with jurisdiction to condemn land and

award compensation to the owners, it is the only instance within our judicial history where the litigants before the court were not entitled to a fair and impartial hearing with the right to introduce evidence before the court should reach its conclusion as to the respective rights of the litigants before it."

Above construction of Section 14 of the 1929 Act would apply with equal force to like provisions of the 1931 Act; in view of which we conclude that the proposed report of the 1931 Tribunal would have no validity unless the landowner be accorded a full hearing contemplated by Title 52 before any tentative conclusions are reached and filed by the Tribunal concerning values of land or compensation to be paid.

In this connection, both Acts provide that "all provisions of Title 52 of the Revised Civil Statutes of Texas, shall control condemnation proceedings hereunder as to all matters not herein otherwise provided for, but the specific provisions, and intent, hereof shall control in all cases of doubt." Appellant says that in consequence, the requirement of a full hearing to landowners before the filing of any "proposed report" should be "read into" the 1931 Act, thus giving it constitutionality by application of the rule invoked in Industrial Accident Board v. O'Dowd et al., 157 Tex. 432, 303 S.W.2d 763, 766, wherein Art. 8307, Sec. 4, Revised Statutes was attacked because of failure to provide for a notice of hearing, as required by the due process clause of State and Federal Constitution. The right of an attorney to practice before the Industrial Accident Board was there involved, the Statute not explicitly requiring the Board to proceed without notice. Our Supreme Court there stated that "we must assume that the Legislature intended to enact a valid law, and in the absence of express language to the contrary, intended

that the administrative board should proceed in accordance with constitutional requirements;" then approving the following language of Caughman et al. v. Columbia, Newberry and Laurens Railway Co., 82 S. C. 418, 64 S.E. 240, 242, viz.: "The great weight of authority is to the effect that while notice of a special burden or duty which a board such as this proposes to impose must be extended, and an opportunity to be heard on the rightfulness of the exactions must be given, *it is not necessary that the statute under which the board acts should expressly provide notice.*" (Emphasis ours.)

■ Nevertheless and despite the principle just quoted, our Commission of Appeals, in strong language, has held invalid a parallel section of the 1929 Act and "The re-enactment of a statute after it has been construed by the highest court of a state carries with it the construction previously placed upon the law by the court". Texas Fidelity & Bonding Company v. City of Austin, 112 Tex. 229, 246 S.W. 1026, Syl. 2. As we view it, this Court has no alternative other than to hold that Section j, Art. 7880–126, Acts of 1931 continues as violative of due process. Art. 1, Sec. 19, State Constitution. In consequence the judgment of the trial court must be affirmed.

Appellees have made other charges of unconstitutionality with respect to the 1931 Act as well as alleged error in certain proceedings of the tribunal. We have carefully considered all points of appeal involving these matters and conclude that same should be resolved in favor of appellant. But this opinion having extended to regrettable length, we will forego a seriatim discussion of them.

Affirmed.

CRAMER, J., not sitting.